Mauricio FRANK, Appellant,

v.

Jesus CANAVATI, Appellee.

No. 16517.

Court of Civil Appeals of Texas,
San Antonio.

Dec. 31, 1980.

Rehearing Denied Feb. 27, 1981.

J. G. Hornberger and J. G. Hornberger, Jr., Laredo, for appellant.

Horace C. Hall, III, Laredo, for appellee.

## OPINION

KLINGEMAN, Justice.

The sole question on this appeal is whether the trial court abused its discretion in dismissing plaintiff's suit for want of prosecution and in thereafter denying plaintiff's motion to reinstate.

Plaintiff, Mauricio Frank, on November 9, 1976, filed suit in Webb County, Texas, for damages for the alleged unlawful removal of personal property by the defendant, Jesus Canavati, from premises owned by the plaintiff. Defendant filed an answer on November 11, 1976. According to the court's docket sheet no action was taken thereafter on the case until June 14, 1979, a period of approximately two and one-half years. On that date, attorneys for both plaintiff and defendant were present on a docket call and the case was set for October 16, 1979. On September 17, 1979, plaintiff requested a jury and paid a jury fee, which had the effect of postponing the case. The district clerk wrote plaintiff's attorney on September 24, 1979, that because of the overcrowded condition of the jury docket the case would be removed from the November, 1979, docket. On December 26, 1979, the district clerk wrote plaintiff's attorney another letter, informing him that all cases filed through 1978 would be called on January 8, 1980, at which time the case would either be set for trial or dismissed. Both of the parties' attorneys appeared on that date and plaintiff's attorney requested that the case be set. The court then dismissed the case for want of prosecution. Plaintiff filed a motion to reinstate, and a hearing was set on February 25, 1980, at which time the motion was denied.

By two points of error plaintiff asserts that the trial court erred in dismissing the case for want of prosecution and in denying his motion to reinstate the cause. Plaintiff asserts that Rule 165a, T.R.C.P., was not complied with; that the plaintiff must be given an opportunity to explain the delay; that the case should not be dismissed unless abandonment clearly appears; and that a setting could not have been had on the case prior to the January, 1980, docket call.

■ The main problem with plaintiff's contentions is that there is nothing in the record to indicate that plaintiff ever made any attempt to obtain a hearing during this long period of time, or that plaintiff, either at the time of the dismissal for want of prosecution or on the hearing on the motion to reinstate, ever offer any excuse or explanation for the long period of delay. There is nothing in the record to indicate that defendant was in any way responsible for the delay, or that plaintiff made any effort to get the case tried. Clearly, the burden was on the plaintiff to attempt to have the case tried within a reasonable period of time, or to offer a reasonable explanation or excuse why the case could not be tried.

Plaintiff places too much reliance on the provisions of Rule 165a. The correct rule is set forth in *Veterans' Land Board v. Williams*, 543 S.W.2d 89 (Tex.1976), as follows:

> Rule 165a is not the exclusive authority by which the trial court derives its authority or discretion to dismiss a cause for want of prosecution. Rule 165a provides in the last paragraph that:
>
>> 'This dismissal and reinstatement procedure shall be cumulative, independent of, and unaffected by the rules and laws governing any other procedures available to the parties in such cases'.

*Id.* at 90.

The supreme court also held that a court has the inherent power to dismiss a suit for failure to prosecute it with due diligence even without statutory or rule authority, citing *Bevil v. Johnson*, 157 Tex. 621, 307 S.W.2d 85 (1957); *First National Bank of Houston v. Fox*, 121 Tex. 7, 39 S.W.2d 1085 (1931); and *Sandstrum v. Magruder*, 510 S.W.2d 388 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n. r. e.).

There are many cases, including a number decided by this court, in which it was held that a dismissal for want of prosecution is within the sound discretion of the trial court and its action thereon will not be disturbed unless there is an abuse of discretion. *Laird v. Jobes*, 580 S.W.2d 413 (Tex. Civ.App.—San Antonio 1979, no writ); *State v. Beever Farms, Inc.*, 549 S.W.2d 223 (Tex.Civ.App.—San Antonio 1977, writ ref'd n. r. e.); *William T. Jarvis Co. v. Wes-Tex. Grain Co.*, 548 S.W.2d 775 (Tex. Civ.App.—Waco 1977, writ ref'd n. r. e.); *Clark v. Turner*, 505 S.W.2d 941 (Tex.Civ. App.—Amarillo 1974, no writ). This same rule applies to motions to reinstate.

■ When a case is dismissed for want of prosecution, the question on review by an appellate court is whether there was a clear abuse of discretion by the trial court, which is a question of law. *Veterans' Land Board v. Williams, supra; State v. Beever Farms, Inc., supra; William T. Jarvis Co. v. Wes-Tex. Grain Co., supra.*

In the recent case of *Texas Resources, Inc. v. Diamond Shamrock Corporation*, 584 S.W.2d 522 (Tex.Civ.App.—Beaumont 1979, no writ), the court set forth applicable rules as follows:

> An intent to abandon is not a part of the test for a trial court to apply in passing upon a motion to dismiss for lack of prosecution. The sole test is whether the case was prosecuted with due diligence. (citations omitted) A party who files a petition must prosecute his claim to judgment with reasonable diligence. If he fails to do this, the court has the inherent power to dismiss his claim for want of diligence in its prosecution. The matter rests in the sound discretion of the trial court.

*Id.* at 524.

Here, plaintiff was given a full opportunity to explain his delay in prosecuting his suit, both at the hearing on the dismissal for want of prosecution, and on the motion

to reinstate. He offered no evidence, explanation or excuse for the unreasonable delay in prosecuting his claim at either hearing.

We find no abuse of discretion by the trial court, and the judgment of dismissal for want of prosecution is affirmed.