Ernest GAEBLER, Appellant,

v.

Ted HARRIS et al., Appellees.

No. 16626.

Court of Civil Appeals of Texas, San Antonio.

July 22, 1981.

Rehearing Denied Aug. 28, 1981.

**6**

T. Kellis Dibrell, Dibrell, Dotson, Dibrell & Dibrell, San Antonio, Clint Small and Jim Alsup, Small, Craig & Werkenthin, Austin, for appellant.

Lonny Morrison, Sherrill & Pace, Wichita Falls, Rusty Sealy, Jones & Norris, Austin, for appellees.

OPINION

KLINGEMAN, Justice.

The sole question on this appeal is whether the trial court abused its discretion in dismissing plaintiffs' suit for want of prosecution. This case was originally filed by Ernest, Jane and Ora Gaebler against Ted Harris, Gordon T. West and the West Company, Inc., on March 6, 1959. The case was dismissed for want of prosecution on defendants' motion on June 4, 1980, approximately 21 years later. On this appeal, plaintiffs complain that the trial court abused its discretion in dismissing the suit.

The case here involved was filed in 1959 and tried in September, 1961. After trial, both parties filed trial briefs, but the judge who tried the case died in March, 1970, without ever having rendered a judgment in the case. During the period of time of approximately nine years that the trial judge had the case under advisement, no motions were filed in such cause. Following the trial judge's death plaintiffs filed a motion for mistrial on June 26, 1970. On March 9, 1971, the defendants filed their first motion to dismiss for want of prosecution. The trial judge heard both motions and granted the motion for mistrial and overruled the motion to dismiss on July 30, 1971. It appears from the record that for a period of approximately four years thereafter, plaintiffs, despite various difficulties including changes in judges and illnesses of some parties, made a diligent effort to obtain a court setting and to try the case. However, thereafter, for a period of approximately from September of 1975 to September of 1979, when one of the defendants made a motion to dismiss for want of prosecution, the record does not substantiate any particular effort to get the case tried. One of plaintiffs' attorneys testified that during said period he made some phone calls in an attempt to get the case tried but no formal motions or other written communications were filed in the trial court. A hearing was held on defendants' motions to dismiss which were granted on June 9, 1980. The judgment recites that plaintiffs had failed to prosecute the case with reasonable diligence.

Although plaintiffs acknowledge that abandonment is not a necessary element in a dismissal for want of prosecution, they cite and rely on *Craig v. State,* 433 S.W.2d 713 (Tex.Civ.App.—Tyler 1968, writ ref'd n. r. e.), which held to the effect that before a court is authorized to dismiss the cause for want of prosecution, the trial judge must reach the conclusion that plaintiff has intentionally abandoned the prosecution thereof or that the facts are such that the law will imply an intent to abandon the prosecution. Plaintiffs also rely on *City of Waco v. Texas Coffin Co.,* 472 S.W.2d 800 (Tex.Civ.App.—Waco 1971, writ ref'd n. r. e.) and *Loftus v. Beckmann,* 1 S.W.2d 268 (Tex.Comm'n App.1928, judgmt adopted) which held that the trial court shall not dismiss a case on the ground of the abandonment unless such abandonment clearly appears.

The correct rule is set forth in *Texas Resources, Inc. v. Diamond Shamrock Corp.,* 584 S.W.2d 522 (Tex.Civ.App.—Beaumont 1979, no writ) as follows:

'An intent to abandon is not a part of the test for a trial court to apply in passing upon a motion to dismiss for lack of pros-

ecution. The sole test is whether the case was prosecuted with due diligence. [citations omitted] A party who files a petition must prosecute his claim to judgment with reasonable diligence. If he fails to do this, the court has the inherent power to dismiss his claim for want of diligence in its prosecution. The matter rests in the sound discretion of the trial court. [citations omitted]'

*Id.* at 524. *See also Bevil v. Johnson*, 157 Tex. 621, 307 S.W.2d 85 (1957), where the court stated:

'Where the defendant in a suit is called to answer and has responded to the call, the duty devolves on the plaintiff to proceed in prosecuting the suit to a conclusion with reasonable diligence, and whenever a delay of an unreasonable duration occurs, such delay, if not sufficiently explained, will raise a conclusive presumption of abandonment of the plaintiff's suit, and a discontinuance results.'

*Id.* 307 S.W.2d at 87–88.

■ The trial court has the right to dismiss a suit for failure to prosecute it with due diligence, and this is a matter which rests in the sound discretion of the trial court. It is not an unbridled discretion, but a judicial discretion subject to review. Upon review, the question is whether there was a clear abuse of discretion by the trial court which is a question of law. *Veterans' Land Board v. Williams*, 543 S.W.2d 89 (Tex.1976); *Bevil v. Johnson*, 157 Tex. 621, 307 S.W.2d 85 (1957); *Frank v. Canavati*, 612 S.W.2d 221 (Tex.Civ.App.—San Antonio 1980, writ ref'd n. r. e.); *William T. Jarvis Co. v. Wes-Tex Grain Co.*, 548 S.W.2d 775 (Tex.Civ.App.—Waco 1977, writ ref'd n. r. e.); *Fulmer v. Barefield*, 480 S.W.2d 413 (Tex.Civ.App.—Tyler 1972, writ dism'd).

■ Defendants in a cause of action are under no duty to force the case to trial. *Beckham v. Travelers Insurance Co.*, 487 S.W.2d 772 (Tex.Civ.App.—Amarillo 1972, no writ); *Crosby v. Di Palma*, 141 S.W.2d 321 (Tex.Civ.App.—El Paso 1911, writ ref'd). The burden to prosecute with due diligence rests upon plaintiff.

■ A party to a suit is always charged with notice that it may be dismissed for want of prosecution where there is inaction for a long period of time. *Laird v. Jobes*, 580 S.W.2d 413 (Tex.Civ.App.—San Antonio 1979, no writ).

■ With the above-stated rules in mind, we will briefly review the facts in this case. Here we have a case that was filed in 1959, tried in 1961, but no judgment was ever entered. No attempt to obtain a judgment appears to have been made by plaintiff during the period the trial judge had the case under advisement, a period of approximately nine years. A new trial was granted in 1971, followed by diligent efforts on plaintiff's part to prosecute the suit until 1975. Thereafter, subsequent diligent efforts on the part of the plaintiff were not shown. The case was then dismissed for want of prosecution in 1980. Although the defendant's first motion to dismiss for want of prosecution was overruled in 1971, such action does not preclude this court from considering the entire history of the case on appeal.

Plaintiffs make no excuse for the failure to obtain a judgment from the time the case was tried in 1961 until the trial judge died in 1970. The transcript reflects some correspondence between the attorneys and the trial judge regarding the filing of briefs in September, 1971, the same month in which the case was tried. Thereafter, the record reflects no motion for judgment or any other communication with the trial judge showing the plaintiffs attempted to obtain a judgment. While attorneys are sometimes reluctant to file a writ of mandamus to force a trial judge to render a judgment in a case which has been fully and completely tried, one must question the diligence of a plaintiff who does absolutely nothing while a judge considers a case for nine years.

The other period of inactivity took place from September, 1975, until the case was dismissed in June of 1980, a period of over four years. There is testimony by one of the plaintiffs' attorneys that he made some

phone calls about the case and had contacted Judge Woodley by telephone on some occasions in an attempt to get the case tried and that he also attempted to contact Judge Blackburn, the administrative judge, without success. Plaintiffs were charged with notice that, because of the sheer passage of time, such case might be subject to dismissal and under such circumstances it was mandatory that they continue diligent efforts to obtain a court setting and have the case tried. Instead, we have a period of over four years in which no formal motion or request was made.

Plaintiff asserts that there are unusual circumstances in this case including the death of a judge, changes in judges, and illness and death of parties. This is not too unusual where a case is allowed to remain on the docket for over 21 years.

Under the record before us and the authorities hereinabove cited, we have concluded that the trial court did not abuse its discretion in dismissing the case for want of prosecution.

The judgment is affirmed.