**Gilbert M. MORA, Appellant,**

v.

**TEXAS REAL ESTATE COMMISSION, Appellee.**

**No. 13–83–017–CV.**

Court of Appeals of Texas, Corpus Christi.

June 23, 1983.

Rehearing Denied Sept. 8, 1983.

---

Mr. Gilbert M. Mora, pro se.

George Warner, Asst. Atty. Gen., Austin, for appellee.

Before NYE, C.J., and UTTER and GON-ZALEZ, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a trial court's order dismissing Gilbert Mora's law suit for lack of prosecution against the Texas Real Estate Commission.

In December of 1980, the Texas Real Estate Commission convened an administrative hearing to consider whether good cause existed for the suspension or revocation of the real estate broker's license of Gilbert Mora. Several complaints by members of the public generally alleged misconduct on behalf of Mr. Mora in his acts as a licensed real estate broker. Following the hearing, the Commission entered an order in January of 1981 revoking the real estate broker's privileges. Mora filed a motion for rehearing before the Commission, which was overruled about one month later.

Mr. Mora filed this law suit against the Texas Real Estate Commission on March 3, 1981, in the district court of Nueces County, Texas, seeking a review of the administrative proceedings. The defendant, Texas Real Estate Commission, filed its answer to the law suit. However, no other action occurred for over 18 months. The trial court, on October 11, 1982, set on its own motion a hearing to show cause why Mora's suit should not be dismissed for want of prosecution. Although the record shows that all the parties were notified of the hearing, no one appeared in opposition to the motion to dismiss the case. The suit was dismissed.

Thereafter, on November 5, 1982, Mora filed a motion to reinstate the case. Throughout all the proceedings, Mora represented himself. His motion to reinstate the lawsuit addressed primarily arguments concerning the merits of the original hearing before the Texas Real Estate Commission and not why he failed to prosecute his lawsuit. The court conducted a hearing with both parties present, and after hearing testimony from the parties, denied the motion to reinstate.

The Texas Supreme Court, in upholding a dismissal of a case that was pending in the district court for a long time, said through Justice Thomas Reavley:

"Delay haunts the administration of justice. It postpones the rectification of wrong and the vindication of the unjustly accused. It crowds the dockets of the courts, increasing the costs for all litigants, pressuring judges to take short cuts, interfering with the prompt and deliberate disposition of those causes in which all parties are diligent and prepared for trial, and overhanging the entire process with the pall of disorganization and insolubility. But even these are not the worst of what delay does. The most erratic gear in the justice machinery is at the place of fact finding, and possibilities for error multiply rapidly as time elapses

between the original fact and its judicial determination. If the facts are not fully and accurately determined, then the wisest judge cannot distinguish between merit and demerit. If we do not get the facts right, there is little chance for the judgment to be right." *Southern Pacific Transportation Co. v. Stoot,* 530 S.W.2d 930, 931 (Tex.1975).

Mr. Mora offered no excuse or explanation for the delay in prosecuting his suit. The record does not show that the case was ever set for trial or that any effort was made to get a hearing on the merits of the case. It was plaintiff's obligation to prosecute the case, which he did not do. See *Frank v. Canavati,* 612 S.W.2d 221 (Tex.Civ. App.—San Antonio 1981, writ ref'd n.r.e.).

We have reviewed the entire hearing conducted by the trial court and do not find any evidence that would show that the court abused its sound discretion in dismissing Mr. Mora's case. See: *Dolez v. Continental National Bank of Fort Worth,* 620 S.W.2d 572, 575 (Tex.1981); *Veterans' Land Board v. Williams,* 543 S.W.2d 89, 90 (Tex. 1976); *Bevil v. Johnson,* 157 Tex. 621, 307 S.W.2d 85, 87 (1957).

The judgment of the trial court is affirmed.