Gordon BALLA, Appellant,

v.

NORTHEAST LINCOLN MERCURY, Appellee.

No. 2–85–259–CV.

Court of Appeals of Texas, Fort Worth.

Sept. 17, 1986.

Rohde, Chapman, Ford & How and Jackson D. Wilson, II, Dallas, for appellant.

Lane, Ray, Getchell, Farris & Schleier and Thomas L. Farris, Fort Worth, for appellee.

**184**

Before FENDER, C.J., and JOE SPUR-LOCK, II and HILL, JJ.

## OPINION

HILL, Justice.

Gordon Balla appeals from the trial court's dismissal of his deceptive trade practices action for want of prosecution and overruling of his motion for reinstatement. In three points of error he urges that the trial court abused its discretion in dismissing the cause for want of prosecution and in failing to reinstate it upon his motion.

We affirm, because Balla does not bring forth a statement of facts showing that the trial court abused its discretion either in dismissing this cause for want of prosecution or in failing to reinstate it.

■ A trial court has the authority to dismiss a cause for want of prosecution under TEX.R.CIV.P. 165a and pursuant to its inherent powers. *Veterans' Land Board v. Williams*, 543 S.W.2d 89, 90 (Tex. 1976). Upon review of a dismissal for want of prosecution or the overruling of a motion to reinstate, the question is whether there has been a clear abuse of discretion by the trial court. *Bevil v. Johnson*, 157 Tex. 621, 307 S.W.2d 85, 87 (1957); *Parks v. McMackin*, 636 S.W.2d 759, 761 (Tex. App.—Fort Worth 1982, writ ref'd n.r.e.).

■ There is no abuse of discretion in dismissing a cause for want of prosecution when the cause has remained on the court's docket for an extended period of time without satisfactory explanation from the plaintiff as to the delay. *Bevil*, 307 S.W.2d at 87–88.

Also; a trial court does not abuse its discretion in dismissing a cause for want of prosecution upon the failure of the party or his attorney to appear at any hearing, inasmuch as the rule expressly grants the right to dismiss for that reason. TEX.R.CIV.P. 165a.

We have no statement of facts of a hearing, if any, on the motion to reinstate. The transcript reflects that this cause was filed in the 17th District Court on December 31, 1979. The cause was dismissed for want of prosecution and reinstated in September, 1982. In 1984, the cause was transferred to the 352nd District Court. Finally, in August, 1985, Judge John Street dismissed the cause for want of prosecution based upon (1) the fact that the case had been pending since 1979, (2) "all of the circumstances in connection with this file," and (3) counsel's failure to appear at a pretrial conference in order to show cause why there should not be a dismissal for want of prosecution.

■ The record reflects no activity in this case for almost six years, other than a prior dismissal for want of prosecution. We hold that the trial court did not clearly abuse its discretion in dismissing Balla's suit for want of prosecution.

There is no indication that Balla presented any evidence at the hearing, if one was held, on his motion to reinstate, as to what efforts had been made to bring the cause to trial nor as to any explanation for his counsel's tardiness or failure to appear for pretrial hearing.

Section 2 of TEX.R.CIV.P. 165a clearly envisions that one whose case has been dismissed for failure to appear at a hearing has the burden upon hearing to show that the failure to appear was "not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained."

Section 3 of TEX.R.CIV.P. 165a provides that this same procedure applies to cases which are dismissed for want of prosecution by virtue of the trial court's inherent power.

Where the complaining party presents no evidence at either the hearing on dismissal for want of prosecution or on the motion to reinstate, there is no abuse of discretion by the trial court. *Frank v. Canavati*, 612 S.W.2d 221, 222–23 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.).

TEX.R.APP.P. 50(d) provides that the appellant, or other party seeking review, has

the burden to see that a sufficient record is presented to show error requiring reversal. In the absence of a statement of facts on the hearing of the motion for reinstatement, we are unable to determine whether or not the trial court abused its discretion in overruling the motion. *See Mossler v. Foreman,* 493 S.W.2d 627, 629 (Tex.Civ. App.—Houston [14th Dist.] 1973, writ ref'd n.r.e.); and *see Vestal v. Jackson,* 598 S.W.2d 724, 725 (Tex.Civ.App.—Waco 1980, no writ).

Balla relies on the cases of *Davis v. Laredo Diesel, Inc.,* 611 S.W.2d 943 (Tex. Civ.App.—Waco 1981, writ ref'd n.r.e.) and *Sandstrum v. Magruder,* 510 S.W.2d 388 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.). An examination of both opinions indicates that the plaintiff in both cases presented evidence upon the hearing showing an abuse of discretion, and that the Court of Appeals had a statement of facts of the hearing before it. In the case at bar, nothing is presented for review because we do not have a statement of facts showing that Balla has established the facts upon which he relies. We overrule points of error numbers one, two, and three.

The order of dismissal for want of prosecution is affirmed.