Leslie A. KNIGHT and Bryan Knight, Appellants,

v.

Robert C. TRENT, D.D.S., Appellee.

No. 04–86–00367–CV.

Court of Appeals of Texas, San Antonio.

Oct. 7, 1987.

Wallace T. Jacobs, and Michael D. Valicek, San Antonio, for appellants.

Paul M. Green, San Antonio, for appellee.

Before ESQUIVEL, CANTU and REEVES, JJ.

## OPINION

REEVES, Justice.

Appellants claim the trial court erred in failing to reinstate their case because they had no notice the trial court intended to put the case on the dismissal docket or that it had been dismissed.

We affirm the judgment of the trial court.

Appellants (plaintiffs below) filed their original petition April 25, 1983. On July 7, 1983, appellants requested that the case be set on the jury docket for February 1984. Appellants filed their notice of intention to take an oral deposition and two notices duces tecum to take depositions on written questions in June and November 1983. Appellants' attorney moved to withdraw as counsel and the trial court granted that motion February 22, 1985.

The record contains a notice of setting on the dismissal docket for February 21, 1986, and a notice of dismissal. Neither document contains a file mark. The documents name appellee's attorney and provide his address. However, they state that appellants received "NO NOTICE, ADDRESS UNKNOWN." The trial court signed the order of dismissal on February 21, 1986. On May 12, 1986, appellants filed a motion to reinstate the case claiming they had received no notice of the trial court's intention to dismiss. After a hearing the trial court denied appellants' motion to reinstate and appellants perfected this appeal.[1]

Rule 165a provides for dismissal for want of prosecution of a case when the prosecuting party or his attorney fails "to appear for any hearing or trial of which the party or attorney had notice, or on failure of the party or his attorney to request a hearing or take other action specified by

---

1. Rule 306a(4) provides that if a party does not receive mailed or actual notice within 20 days after the judgment is signed, then all periods for requesting a new trial, to vacate or modify the order, etc., run from the date the party or his attorney receive mailed or actual notice of the signing. In no event shall these periods begin more than 90 days after the order was signed. TEX.R.CIV.P. 306a(4). Appellants thus filed their motion to reinstate while the trial court retained jurisdiction over the case.

the court within fifteen days after the mailing of notice of the court's intention to dismiss the case for want of prosecution." TEX.R.CIV.P. 165a(1). The trial court has authority to dismiss a case under the common law as well as under rule 165a. *Veterans' Land Board v. Williams,* 543 S.W. 2d 89, 90 (Tex.1976); *Frank v. Canavati,* 612 S.W.2d 221, 222 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.). The matter rests in the sound discretion of the trial court. *Gaebler v. Harris,* 625 S.W.2d 5, 7 (Tex.Civ.App.—San Antonio 1981, writ ref'd n.r.e.).

■ It is the plaintiffs' burden to prosecute its case with due diligence. The trial court has discretion to dismiss the case when the plaintiff fails to pursue his action with reasonable diligence. *Id.* at 7. The sole test is whether plaintiff prosecuted the case with due diligence and we will review a dismissal under the abuse of discretion standard of review. *Id.* at 7.

Rule 165a was rewritten in 1983. The language was removed which provided for reinstatement when the trial court finds that neither the party nor his attorney received a mailed or actual notice of the court's intention to dismiss or the order of dismissal prior to twenty days after signing the order. The rule is now silent on that matter and provides only that "[t]he court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." TEX.R.CIV.P. 165a(2).

In *State v. Rotello,* 671 S.W.2d 507 (Tex. 1984), the Supreme Court found the failure of a trial court in Brazos County to give notice to plaintiffs or their attorney of its intent to dismiss their case for want of prosecution did not violate due process standards of notice when (1) plaintiffs were given the same hearing with the same burden of proof they would have received before the order of dismissal; (2) a local rule provides that cases on file over two years be set for hearing at certain times for all parties to show cause why the case should not be dismissed; and (3) plaintiffs' attorney is conclusively shown to have had actual notice of the local rule, thus imputing such knowledge to plaintiffs. *Id.* at 507–08. In our case, the Bexar County district courts' rule on dismissals does not go into as great a detail as the Brazos County local rule and does not constitute the same notice. The Brazos County rule provides:

[C]ases that have been on file over two (2) years which are not set for trial or other hearing SHALL BE SET FOR HEARING for all parties to show cause why same should not be dismissed for want of prosecution; and without good cause shown, at or before such hearing such cases will be dismissed by the Court for want of prosecution without further notice.... This Rule shall constitute notice of such hearings, and counsel ... shall keep informed as to the length of time each of their cases have been on file.

*Id.* at 508. The Bexar County rule states only:

Each civil court shall have a hearing at 8:30 a.m. on the first Monday of the month shown opposite said court in each divorce case not on the trial docket and which has been file for more than one (1) year and in all other cases on the trial docket which have been on file for more than two (2) years for all parties to show cause why said case should not be dismissed for want of prosecution. The filing of a Motion to Set after notice of dismissal shall not of itself remove the case from the dismissal docket.

| 37th–January | 150th–June |
| 45th–February | 166th–July, etc. |

Local Rule 1.8. The Bexar County rule, unlike the Brazos County rule, does not provide that this rule shall constitute notice of such hearings.

■ However, even if we were to say the local rule is sufficient notice to attorneys, we do not believe appellants can be charged with knowledge of it. Appellants' attorney was permitted to withdraw as counsel of record in February 1985, over a year and a half after no action had taken

place on the case, but prior to the two year mark when local rule 1.8 would take effect. At the time of the hearing, and for one year prior, appellants remained unrepresented by counsel. In this case, knowledge of a local rule cannot be imputed to appellants through their former attorney since he did not represent them at the critical time and for sometime prior to that.

■ But a party to a suit is always charged with notice that the suit may be dismissed for want of prosecution when there is inaction for a long period of time. *Gaebler v. Harris,* 625 S.W.2d at 7; *Laird v. Jobes,* 580 S.W.2d 413, 416 (Tex.Civ.App. —San Antonio 1979, no writ). Our next question is, does this satisfy due process notice requirements? We believe it does. It is no more onerous than that held sufficient in *Rotello* where the knowledge of the existence of a local rule is imputed to the attorney and the attorney's knowledge is imputed to the client. Moreover, appellants' due process requirements were met when the trial court held the same hearing on his motion to reinstate that appellant would have received had notice been issued prior to dismissal. *See State v. Rotello,* 671 S.W.2d at 508.

We have determined that appellants' due process notice requirements were satisfied. We therefore turn now to determine whether the trial court abused its discretion in overruling appellants' motion to reinstate.

Appellants' motion to reinstate states that appellants were without counsel from the time their original attorney withdrew (February 22, 1985) until March 1986. The new attorney was preparing to file an appearance in the case on May 5, 1986, when he discovered the dismissal order. Appellants conclude, in their motion, that their failure to appear for the dismissal docket was not the result of conscious indifference but was due to mistake or accident. Appellants stated further that they received no notice concerning the dismissal until 73 days after it was entered. Appellants attached the affidavit of plaintiff Leslie A.

Knight stating she received no notice of the intent to dismiss and did not receive notice of the dismissal until May 6, 1986.

■ Neither appellants' motion to reinstate nor the affidavit attached to it offer any explanation of why the cause should not be dismissed. Appellants received a hearing on their motion to reinstate, at which time it would have been proper for them to present an excuse for their failure to take any action on the case since November 1983 when notices of depositions were sent.[2] They alleged no facts dealing with the reasons the case should be reinstated nor any reasons for being without counsel, such as the fact that they diligently sought representation but were unable to retain counsel. With no statement of facts or findings of fact before us, we must presume the trial court had before it and passed on all facts necessary to support the judgment. *Davis v. Huey,* 571 S.W.2d 859, 862 (Tex.1978); *Thompson v. Republic Acceptance Corp.,* 388 S.W.2d 404, 405 (Tex. 1965).

The trial court stated in its order denying reinstatement, that "plaintiffs' failure to appear at *the dismissal docket* was not intentional nor was it the result of conscious indifference, but was due to an accident, mistake or was otherwise reasonably explained...." (Emphasis ours.) The order further states, "there is neither allegation nor proof that plaintiffs' failure to prosecute this action prior to dismissal was justifiable...."

■ Appellants contend that rule 165a(2) makes it mandatory for the trial court to grant reinstatement when the failure of a party to appear was not the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained. Rule 165a(2) does provide that the trial court shall reinstate the case. Local rule 1.8 requires appellants to show cause, at a hearing, why their case should not be dismissed. The "failure" referred to in rule

---

**2.** Appellants claim in their appellate brief that the depositions were taken. However, the record they provided us does not indicate when, if ever, they were taken. The only other action taken since then, as reflected by the record, was appellants' counsel's withdrawal.

165a(2) is not the failure to appear at the show cause hearing, but the failure to show cause why the cause of action should not be dismissed and rule 165a(2)'s mandatory reinstatement requirement is not triggered until appellants have shown cause why the case should not be dismissed for want of prosecution. *Speck v. Ford Motor Company*, 709 S.W.2d 273, 275 (Tex.App.— Houston [14th Dist.] 1986, no writ). Appellants' showing that their failure to appear at the hearing was not intentional or the result of conscious indifference does not relieve them of their burden to explain to the trial court the reason for their failure to prosecute their case with reasonable diligence. Appellants allowed their case to remain inactive for well over two years, the only action during that time being the withdrawal of appellants' counsel.

Because appellants offered no explanation, reasonable or otherwise, for the inactivity of the case that lasted for over two years, we find the trial court did not abuse its discretion in denying their motion to reinstate their case.

The judgment of the trial court is affirmed.