Betty VAUTRAIN, Appellant,

v.

DUTCH GARRETT, INC., Eldon E. Garrett and Edgar E. Garrett, Appellees.

No. 2–87–027–CV.

Court of Appeals of Texas,
Fort Worth.

Feb. 18, 1988.

On Rehearing May 12, 1988.

Rehearing Denied Sept. 8, 1988.

R. Keith Walker, Dallas, for appellant.

Day & Day and Priscilla Kim Park and Marshall Day, Fort Worth, for appellees.

Before HILL, FARRIS and KELTNER, JJ.

## OPINION

HILL, Justice.

Betty Vautrain appeals from the dismissal of her cause against Dutch Garrett, Inc., Eldon E. Garrett and Edgar E. Garrett, the appellees, for want of prosecution and the denial of her motion to reinstate. In two points of error, she urges that the trial court erred in both actions.

We reverse and remand for further proceedings, because we find that the trial court abused its discretion in dismissing the cause for want of prosecution without any notice to Vautrain, and in failing to reinstate the cause upon her motion.

Vautrain's original petition was first filed in December, 1978. Since that time she has been represented by four attorneys. The case has been on the docket of two other district courts and has been on the dismissal docket of both other courts. In July, 1983, an attorney for Vautrain had written the trial court, "[y]ou are hereby assured that this case will be finally disposed of by trial or otherwise on or before January 27, 1984: otherwise you may dismiss the case for want of prosecution without objection, and without further notice to my client or me." Vautrain made no request for a trial setting after April, 1982. The case was transferred to the 352nd District Court in November, 1984.

The trial court notified Vautrain in the summer of 1985 to be prepared at a pre-trial hearing to show cause why the case should not be dismissed for want of prosecution. The pre-trial hearing was held, but the trial court did not dismiss the case for want of prosecution. The court then set the case for trial on November 3, 1986. Vautrain announced ready for trial. The case was not reached on November 3, 1986, but was carried forward from day to day. Vautrain announced ready every Monday and Wednesday until advised by the clerk that such calling was not necessary. Vau-train requested two or three days notice of trial because of the need to get together expert witnesses, and the clerk said that she would try to give such notice.

On January 12, 1987, the clerk's office notified Vautrain's counsel that the cause had been set for trial at 2:00 p.m. on that date. Counsel got the message at his Dallas office at 12:30 p.m. His office had originally been notified at about 11:20 a.m. His secretary had been unable to reach him before 12:30 p.m. because he was in court. Counsel testified that he attempted to reach Vautrain, that he loaded up his briefcase, and that he left his office at 1:15 p.m., reached the courthouse at 1:55, and was in the courthouse about 2:00. He apparently reached the courtroom shortly after 2:00 p.m., after the case had been called for trial, a motion to dismiss for want of prosecution had been granted, and a jury panel dismissed.

In point of error number one, Vautrain contends that the trial court erred in dismissing the cause for want of prosecution since the notice which she received of the January 12th trial was not in compliance with TEX.R.CIV.P. 245; she further contends that the notice was not reasonable or adequate and was therefore a violation of her right to due process as guaranteed to her by the fifth and fourteenth amendments of the United States Constitution and art. 1, section 19 of the Constitution of the State of Texas.

Rule 165a provides that before a case is dismissed for want of prosecution based upon a failure to attend trial, the party failing to attend is to be afforded a hearing as to the dismissal upon proper notice. TEX.R.CIV.P. 165a. Although the rule does not set forth the procedure in the event of a dismissal based upon the trial court's inherent right to control its docket, we hold that fundamental due process would afford the right to a hearing in that event as well.

Vautrain's case was dismissed for want of prosecution, based both upon her failure to attend trial and also upon the trial court's inherent right to control its docket.

Vautrain was not given any notice or hearing of the trial court's intention to dismiss. We find such action of the trial court fails to comply with the requirements of rule 165a and with Vautrain's right to due process as guaranteed to her by the fifth and fourteenth amendments to the United States Constitution and art. 1, section 19 of the Constitution of the State of Texas.

Vautrain had the right to be heard on the question of whether her suit should have been dismissed for want of prosecution. *See Callahan v. Staples,* 139 Tex. 8, 161 S.W.2d 489, 491 (Tex.Comm'n App.1942, opinion adopted). The trial court erred in not affording Vautrain a hearing before dismissing her cause for want of prosecution.

Garrett relies on the cases of *Veterans' Land Bd. v. Williams,* 543 S.W.2d 89 (Tex. 1976), *Bevil v. Johnson,* 157 Tex. 621, 307 S.W.2d 85 (1957), *Balla v. Northeast Lincoln Mercury,* 717 S.W.2d 183 (Tex.App.— Fort Worth 1986, no writ), *Mora v. Texas Real Estate Com'n,* 656 S.W.2d 566 (Tex. App.—Corpus Christi 1983, writ ref'd n.r. e.), *Johnson v. J.W. Const. Co.,* 717 S.W.2d 464 (Tex.App.—Fort Worth 1986, no writ), and *Frank v. Canavati,* 612 S.W.2d 221 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.).

We have examined the authorities relied upon by Garrett and find that in all but one of those cases the record reflects that the plaintiff or movant was afforded a hearing on any motion for the dismissal of his petition or motion for want of prosecution. In the other case, *Johnson v. J.W. Const. Co.,* the record was silent and therefore failed to sustain the contention of a party, who appealed by petition for writ of error, that the court dismissed her suit for want of prosecution without any notice. We sustain point of error number one.

Vautrain urges in point of error number two that the trial court erred in failing to reinstate her cause which had been dismissed for want of prosecution. Since the record reflects that Vautrain's cause was dismissed for want of prosecution without notice to her of the motion to dismiss, the trial court abused its discretion in not rein-

stating the cause which it had improperly dismissed. We sustain point of error number two.

We reverse the trial court's judgment dismissing this cause for want of prosecution and remand this cause to the trial court for further proceedings.

KELTNER, J., dissents.

KELTNER, Justice, dissenting.

I respectfully dissent.

However, I agree with much of the majority opinion. Specifically, I agree with the majority that the notice given in the instant case would ordinarily be insufficient under the plain language of TEX.R. CIV.P. 165a. I cannot condone the dismissal of a cause of action for failure to attend trial where notice of a 2:00 trial setting was given at 11:20, counsel actually learned of the trial setting at 12:30 and appeared less than five minutes late for the actual trial.

Texas is a large state and lawyers and litigants must travel many miles to attend court. In the instant case, Vautrain's counsel was from Dallas and her case was pending in Forth Worth. Vautrain's counsel had continuously sought information regarding the exact time the case would be called for trial because the trial court's "special" docket did not set a specific day, week or month in which the case would be called for trial. Instead, it is a rotating docket of older cases which is carried from week to week until reached. In this situation, the tardiness of less than 5 minutes of Vautrain's counsel did not unduly burden the court or jury panel.

However, I am disturbed by another aspect of this case. The trial court dismissed the case in 1987. The case was filed in 1978. Since that time, four different attorneys have represented Vautrain. Vautrain has not requested a trial setting for her cause or action since April 21, 1982.

Since that time, the case has twice been transferred to newly created courts. The case was originally filed in the 141st District Court in Tarrant County. After the establishment of the 348th District Court, the case was transferred there in a docket

equalization process. Later, the case was transferred to the 352nd District Court in a subsequent docket equalization.

The case has been on the dismissal docket of each of these courts.

On July 15, 1983, one of Vautrain's counsel wrote the presiding judge of the 141st District Court in an effort to have the case removed from that court's dismissal docket. (At that time, the case had been pending almost five years). In that letter, Vautrain's counsel stated:

> You are hereby assured that this case will be finally disposed of by trial or otherwise on or before January 27, 1984: otherwise you may dismiss the case for want of prosecution without objection, and without further notice to my client or me.
>
> Please remove it from the dismissal docket for July 25, 1983. Thank you for your assistance.

Since that period of time, judges in the 348th and 352nd District Courts have placed the case on the dismissal docket. Quite simply, it is a miracle that the case has survived this long in the process without being set for trial.

It is clear from the judgment in this case that the trial court considered this case's eight-year history and the failure of the plaintiffs to prosecute their lawsuit with diligence. Specifically, the trial court stated in the judgment:

> The Court found that the case should be dismissed for want of prosecution, not only because the Plaintiffs and their attorney failed to appear for trial, but also because the case is over eight years old and Plaintiffs have failed to prosecute the case with any reasonable diligence during that time.

As a result, I do not believe the trial court committed an abuse of discretion in dismissing the case. To the contrary, the court's file demonstrated that the case had been on file for eight years. Vautrain has not requested a trial setting since 1982. More importantly, the court's file included a letter from Vautrain's counsel allowing the court to dismiss the cause of action

without further notice if the case was not tried on or before January 27, 1984.

Therefore, I disagree with the majority and would affirm the judgment of the trial court.

## OPINION ON REHEARING

HILL, Justice.

Dutch Garrett, Inc., Eldon E. Garrett, and Edgar E. Garrett, the appellees, present this motion for rehearing following our opinion and judgment in this cause. They present four points of error on rehearing, urging that we erred by holding that Betty Vautrain, the appellant, was entitled to notice prior to the dismissal of her lawsuit due to her failure to appear for trial, because such a notice is not required by rule 165a of the Texas Rules of Civil Procedure; that in any event Vautrain had waived her right to notice of a dismissal for want of prosecution; and that Vautrain was afforded due process of law because at the hearing on the motion for reinstatement she received the same hearing, with the same burden of proof, that she would have received had she been afforded notice of the court's intention to dismiss her cause for want of prosecution.

We grant appellees' motion for rehearing.

We sustain point of error number four on rehearing and affirm the order of the trial court in overruling Vautrain's motion to reinstate, because we find the trial court did not abuse its discretion in failing to reinstate Vautrain's cause since she offered no evidence at the hearing on her motion to reinstate as justification for the years of delay which have occurred in this case, and since due process was satisfied when the trial court held the same hearing on her motion to reinstate that she would have received had she received notice prior to dismissal. *See Knight v. Trent,* 739 S.W.2d 116, 119 (Tex.App.—San Antonio 1987, no writ). *See also State v. Rotello,* 671 S.W.2d 507, 508 (Tex.1984). There is nothing in the record indicating Vautrain had any options she could have pursued but was not able to pursue by virtue of not

having received notice of the hearing. *See Peralta v. Heights Medical Center, Inc.* — U.S. ——, 108 S.Ct. 896, 898, 99 L.Ed. 2d 75 (1988). We overrule the remaining points of error on rehearing.

We set aside our prior judgment and affirm the order of the trial court overruling Vautrain's motion to reinstate.