NO.
12-06-00094-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

DEDRICK FONTENOT,     §                      APPEAL FROM THE 

APPELLANT

 

V.        §                      COUNTY COURT AT LAW

 

TASHA MARIE LEWALLEN,

APPELLEE   §                      HOUSTON
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Dedrick
Fontenot appeals the trial court’s order denying his motion to reinstate
following the dismissal of his suit for want of prosecution.  In three issues, Fontenot argues that the
trial court failed to give him proper notice of its intent to dismiss his suit
and improperly denied his motion to reinstate. 
We affirm.

 

Background

            Fontenot
filed suit against Tasha Marie Lewallen for injuries he allegedly sustained in
a car accident with her.  As the trial
date approached, Fontenot sought to accept a settlement offer previously made
by Lewallen.  According to Fontenot’s
motion to reinstate, his trial counsel orally accepted Lewallen’s settlement
offer during a phone conversation he had at 11:08 p.m. on Wednesday, November
23, 2005, with an unidentified female who answered the phone at Lewallen’s
attorney’s office.








            On November
30, 2005, the trial court conducted a previously scheduled pretrial
conference.  Lewallen’s attorney was
present; Fontenot’s attorney failed to attend. 
After attempting to contact Fontenot’s attorney, the trial court granted
Lewallen’s motion to dismiss.  The trial
court signed its order of dismissal on December 15, 2005.

            On January
12, 2006, Fontenot filed a motion to reinstate his suit arguing that he
believed the case had been settled thereby making his presence at the pretrial
conference unnecessary.  Fontenot further argued that he did not
receive notice of the court’s intention to dismiss or of the dismissal
hearing.  Lewallen filed a response
stating that her attorney’s law office was closed on November 23, 2005 for the
Thanksgiving holiday and, therefore, the settlement discussions alleged by
Fontenot in his motion to reinstate never occurred.  

            A hearing
was conducted on Fontenot’s motion to reinstate on February 16, 2006.[1]  Following the hearing, the trial court denied
Fontenot’s motion.  This appeal followed.

 

Dismissal
for Want of Prosecution/Motion to Reinstate

            In
his first issue, Fontenot argues that he was entitled to notice of Lewallen’s
motion to dismiss.  In his second issue,
Fontenot argues that he was entitled to notice of the court’s intention to
dismiss when he was not informed that it was necessary to attend pretrial
conferences.  In his third issue,
Fontenot contends that the trial court erred in denying his motion to reinstate
because he demonstrated that his failure to attend the pretrial conference was
the result of accident or mistake rather than conscious indifference.

            We
review a judgment of dismissal under an abuse of discretion standard.  See Ellmossallamy v. Huntsman,
830 S.W.2d 299, 300 (Tex. App–Houston [14th Dist.] 1992, no writ).  To determine if there is an abuse of discretion,
we must look to see if the trial court acted without reference to any guiding
rules and principles.  Id. 
The standard of review for a motion to reinstate is essentially the same as
that for setting aside a default judgment.  See Smith v. Babcock
& Wilcox Constr. Co., 913 S.W.2d 467, 468 (Tex. 1995).

            A
trial court may dismiss a suit under Texas Rule of Civil Procedure 165a(1) on
the failure of any party seeking affirmative relief to appear for any hearing
or trial of which the party had notice, or under Texas Rule of Civil Procedure
165a(2) when a case is not disposed of within the time standards promulgated by
the Texas Supreme Court.  See Tex. R. Civ. P. 165a; Villarreal
v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex. 1999).[2]  A trial court may not dismiss a suit without
giving the plaintiff notice of its intent to dismiss.  Id.  A dismissal without notice violates Rule 165a
and the party’s due process rights.  See
Rohus v. Licona, 942 S.W.2d 111, 112 (Tex. App.–Houston [1st Dist.]
1997, no pet.).

Notice

            We
first consider Fontenot’s first and second issues relating to lack of notice.  We initially note that the record reflects
that Fontenot received notice of the November 30 pretrial conference.  As such, we focus our inquiry on whether he
properly received notice of the trial court’s intention to dismiss his
suit.  The hearing on a motion to
reinstate is the same hearing with the same burden of proof that the plaintiff
would receive before the trial court signs the order of dismissal.  See Texas Sting, Ltd. v. R.B. Foods,
82 S.W.3d 644, 648–49 (Tex. App.–San Antonio 2002, pet. denied).  Therefore, a postdismissal hearing remedies
any violations to the litigant’s due process rights occurring before the
dismissal.  Id.; see
also Jimenez v. Transwestern Prop. Co., 999 S.W.2d 125, 129 (Tex.
App.–Houston [14th Dist.] 1999, no pet.) (Although the plaintiff was not
provided with notice of the trial court's intent to dismiss the case for want
of prosecution prior to the dismissal hearing, he was nevertheless afforded his
due process rights because he received actual notice of the dismissal order in
time to file a motion to reinstate, and a hearing was held on that
motion.).  

            In
the instant case, there is no indication that Fontenot received notice of the
trial court’s intent to dismiss his suit prior to the dismissal hearing.  However, the record reflects that Fontenot
received notice of the dismissal order. 
The record further reflects that Fontenot timely filed a motion to
reinstate on which the trial court conducted a hearing.  Therefore, we hold that the trial court’s
failure to provide notice of its intent to dismiss Fontenot’s suit was
remedied.  Fontenot’s first and second
issues are overruled.

Motion to Reinstate








            We
next consider Fontenot’s third issue regarding the trial court’s denial of his
motion to reinstate.  If a plaintiff
seeking to have his case reinstated fails to present evidence at the hearing,
the trial court’s dismissal will be affirmed on appeal.  See, e.g., MacGregor v. Rich,
941 S.W.2d 74, 76 (Tex. 1997); Balla v. Northeast Lincoln Mercury,
717 S.W.2d 183, 185 (Tex. App.–Fort Worth 1986, no writ).  As noted previously, Fontenot did not request
a reporter’s record of the hearing conducted on his motion to reinstate.  As such, there is no record on appeal as to
what evidence was presented to the trial court, if any, during the hearing on
Fontenot’s motion to reinstate. 
Therefore, we cannot conclude that the trial court abused its discretion
in denying Fontenot’s motion to reinstate. 
Id.  Fontenot’s
third issue is overruled.

 

Disposition

            Having
overruled Fontenot’s first, second, and third issues, we affirm
the trial court’s dismissal order.

 

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion
delivered December 1, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1] No reporter’s record of this hearing was
provided as part of the appellate record. 
There appears a notation on the trial court’s docket that a hearing on a
motion for new trial was conducted.





[2] The record does not indicate whether the trial
court’s dismissal was based on Fontenot’s failure to attend the pretrial
conference or under its inherent power.