W. E. Callahan et al v. Merrill W. Staples et al.

No. 7787. Decided March 11, 1942.
Rehearing overruled April 29, 1942.
(161 S. W., 2d Series, 489.)

*Kleberg, Eckhardt & Lowe,* of *Corpus Christi,* and *Davenport & Ransome,* of Brownsville, for plaintiffs in error.

A motion, or petition for review, filed pursuant to Article 2236, R. S., is nothing more or less than a motion for new

trial; and hearing and disposition of same are controlled by the plain and peremptory provisions of Article 2232, R. S., which requires that all motions for new trial shall be heard and determined at the term when made, Article 2236 being necessarily constructed as a material part of Article 2232. McKean v. Ziller, 9 Texas 58; Arrington v. McDaniel, 119 Texas 148, 25 S. W. (2d) 295; Missouri Pac. Ry. Co. v. Haynes, 82 Texas 448, 18 S. W. 605.

On the question of abandonment of the motion for new trial because of failure to prosecute same. Flanagan v. Smith, 21 Texas 493; Bogle v. Landa, 127 Texas 317, 94 S. W. (2d) 154; Brooks Supply Co. v. Hardee, 32 S. W. (2d) 384.

The courts possess inheritant powers over their judgments and rulings and may correct judicial errors during the term at which rendered by any one or more of several judges. Jones v. Bass, 49 S. W. (2d) 723; Payne v. Allen, 78 S. W. (2d) 1018; Texas & Pac. Ry. Co. v. Voliva, 41 Texas Civ. App. 17, 91 S. W. 354; 25 Tex. Jur. 331.

*Seabury, Taylor & Wagner,* of Brownsville, for defendants in error.

The time for hearing and determining a motion for a new trial in cases where citation is by publication under Article 2236, is not limited by any statute. Hunsinger v. Boyd, 26 S. W. (2d) 905; Trujillo v. Piarote, 122 Texas 173, 53 S. W. (2d) 466; Trottle v. Harrison, 57 S. W. (2d) 324.

In the absence of any positive law to the contrary, the court having once obtained jurisdiction of a cause, retains jurisdiction until its final order in that cause has been entered. Gillespie v. Redmond, 13 Texas 9; Sayles v. McLaughlin, (R. I.) 7 Atl. (2d) 779.

*Marcellus G. Kleberg,* of Corpus Christi, file brief as amicus curiae.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This is an appeal from an order of the District Court of Cameron County, 103rd Judicial District, dismissing, for want of jurisdiction, a motion for new trial made under the pro-

visions of Article 2236 of the Revised Statutes. The relevant facts are substantially as follows:

On June 9, 1928, W. E. Callahan and Sam A. Robertson recovered a judgment, in said district court, against Merrill W. Staples, for the recovery of the title to and right of possession of a large portion of Padre Island in the Gulf of Mexico. A portion of the land sued for lies within the boundaries of Cameron County. Staples, among many other defendants in said suit, was duly served with citation by publication, did not appear or answer in the suit, and was represented only by an attorney ad litem appointed by the court. On June 6, 1930, Staples and Joseph G. Bowen (the latter being a purchaser pendente lite from Staples) filed a joint motion for new trial, which motion conformed to the provisions of Article 2236 of the Revised Statutes. On the same day, the movants, Staples and Bowen, caused citation to issue to the respondents, Callahan and Robertson, commanding them to appear and answer said motion at the next regular term of said court, which began July 21, 1930. Both respondents duly appeared and filed their written answer consisting of a general exception and a general denial. Nothing else was done in the case until August 25, 1931, when the deposition of Staples, taken in pursuance of a written agreement of the attorneys of the respondents, was filed by the movants. Nothing further was done in the case until October 24, 1938, when Staples and Mrs. Joseph G. Bowen duly suggested the death of Joseph G. Bowen, and Mrs. Bowen was duly substituted as a movant in his stead. At the same time, the death of Sam A. Robertson was suggested by Staples and Mrs. Bowen, and scire facias was duly issued requiring his widow, Mrs. Maria Robertson, to answer said motion at the regular December term, 1938, of said court. This term opened December 19, and closed the 11th day of February, 1939. On December 20, 1938, Mrs. Robertson, acting through an attorney who represented her alone, responded to the writ of scire facias by filing her written answer consisting of a general exception and general denial. On the same day, movants Staples and Mrs. Bowen, under leave of the court, filed an amended motion for new trial, and the court set the amended motion for hearing on December 23, 1938. On December 22, the attorney for movants learned that Judge Kent, the regular judge of said court, would not be available before December 31, 1938. He thereupon procured the consent of respondents' attorneys to a resetting of the hearing of said motion for the last-mentioned date. On December 30, the respondents filed a motion to dis-

miss said amended motion for new trial, on the ground that the court had no jurisdiction to determine same, first, because the original motion was not determined during the July term, 1930, of said court, and, second, because some eight years elapsed—between the date the said original motion for new trial was filed (June 6, 1930) and October 24, 1938—without any action at all being taken in the case by the movants, except to file the deposition of Staples on August 25, 1931. On December 31, 1938, Judge Kent being on the bench, the court overruled this motion to dismiss. Thereafter on the same day, Judge Kent granted the movants' amended motion for new trial, and set aside the judgment which Callahan and Robertson had recovered against Staples on June 9, 1928. At the expiration of December 31, 1938, the term of office of Judge Kent expired, and on January 1, 1939, Judge Graham succeeded him as the regular judge of said court. Thereafter, on January 17th, the respondents Callahan and Mrs. Robertson filed a motion to set aside the order made by Judge Kent on December 31, granting movants' motion for new trial. One of the grounds alleged was that prior to October 24, 1938, the motion had been discontinued by operation of law, which had effect to deprive the court of jurisdiction of the motion. On February 3, 1939, Judge Graham duly heard this motion. Staples and Mrs. Bowen as well as Callahan and Mrs. Robertson appeared and participated in such hearing, through their respective attorneys. At this hearing the evidence showed without dispute that after the day the motion for new trial was filed (June 6, 1930) to October 24, 1938, no action in the case was taken by movants, except to file the deposition of Staples on August 25, 1931. The court took no action at all during said period. Upon this undisputed evidence the court, acting through Judge Graham, on February 8, 1939, set aside the order of December 31, 1938, granting the Staples-Bowen motion for new trial. The effect of this order of February 8, 1939, was to return the Staples-Bowen motion for new trial to the status of "business undisposed of." Thereupon, on the same day, the movants Staples and Mrs. Bowen and the respondents Callahan and Mrs. Robertson, through their respective attorneys, announced ready for the trial of said motion. The movants offered to prove not only that they had "good cause" for setting aside the judgment of June 9, 1928, but also that they had a sufficient explanation or excuse for the delay in the prosecution of said motion for new trial. The court refused to hear or to consider any evidence in either of these respects; and dismissed said motion for new trial for want of jurisdiction to hear and determine same. From this

judgment of dismissal Staples and Mrs. Bowen prosecuted an appeal, and the Court of Civil Appeals reversed the trial court's judgment and remanded the cause (138 S. W. (2d) 206). Callahan and Mrs. Robertson have been granted the writ of error.

■ The question of jurisdiction is of primary importance in deciding the case. Counsel contends that the trial court did not have potential jurisdiction of the motion for new trial, first, because same was not determined at the July, 1930, term of the court, and, second, because the motion was discontinued by operation of law prior to October 24, 1938. The Court of Civil Appeals correctly overruled the first ground of contention. The reasons for doing so, which we approve, are shown in the opinion of that court.

We pass to consider the second ground of contention. This calls at the outset for a reading of the relevant provisions of Article 2236 of the Revised Statutes. They read as follows:

"In cases in which judgment has been rendered or service of process by publication, where the defendant has not appeared in person or by attorney of his own selection:

"1. The court may grant a new trial upon petition of the defendant showing good cause, supported by affidavit, filed within two years after such judgment was rendered. The parties adversely interested in such judgment shall be cited as in other cases."

■ It is settled that the "petition" which this statute provides is nothing more than a motion for a new trial in the preexisting suit. Once the court's jurisdiction attaches to a motion which is made in accordance with the terms of this statute, the jurisdiction is not afterwards disturbed by the mere passage of time. Nevertheless, in going forward with the prosecution of the motion, as he is required to do, the movant is bound to exercise at least as high a degree of diligence as is required of a plaintiff in an independent suit. Therefore, it becomes expedient to examine the rule of practice, sometimes called the rule of "discontinuance," as same has been developed in this State by a long line of decisions. Such rule as so developed and applied may be explained in these words: Where the defendant in a suit is called to answer and has responded to the call, the duty devolves on the plaintiff to proceed in prosecuting the suit to a conclusion with reasonable diligence, and when-

ever a delay of an unreasonable duration occurs, such delay, if not sufficiently explained, will raise a conclusive presumption of abandonment of the plaintiff's suit, and a discontinuance results. However, since the discontinuance must be based on a fractual situation involving lack of due diligence, same does not and cannot become effective until the basic facts are adjudicated by the court. Whenever the hearing for such adjudication is had, the plaintiff has the right to be heard to explain, if he can, his delay in prosecuting his suit. See the following cases: Gillespie v. Redmond, 13 Texas 9; Ponton v. Bellows, 13 Texas 254; Flanagan v. Smith, 21 Texas 493; Punchard v. Delk, 77 Texas 104, 13 S. W. 615; Hinkle v. Thompson, 195 S. W. 311 (wr. ref.); Brooks Supply Co. v. Hardee, 32 S. W. (2d) 384; Trahan v. Roberts, 48 S. W. (2d) 505; Crosby v. DiPalma, 141 S. W. 321; (wr. ref.); Carr v. Cleveland, 86 S. W. (2d) 858, 863; Beck v. Avondino, 20 Texas Civ. App., 330, 50 S. W. 208; Bogle v. Landa, 127 Texas 317, 94 S. W. (2d) 154.

We need not consider at this time whether an unreasonable delay in proceeding with the prosecution of a motion for new trial, which is filed in accordance with the provisions of Article 2236, may be sufficiently explained except by showing fraud, accident or mistake such as is cognizable in a court of equity in granting relief against the enforcement of a judgment.

■ We come now to the ruling of the Court of Civil Appeals, as disclosed in its opinion, to the effect that Judge Graham had no authority to set aside, during the same term at which it was made, the order entered by Judge Kent on December 31, 1938, setting aside the judgment rendered June 9, 1928. This ruling is erroneous. Except in instances where a statutory inhibition occurs, a regular judge of a district court has inherent power, by virtue of his office, to review any order or judgment made or rendered during the term. For this reason Judge Graham, as the regular judge of the court, had authority to review the order made by Judge Kent before his term of office expired but before the term of court ended at which the order was made. Edwards v. James, 13 Texas 52; State v. Womack, 17 Texas 237, 238; Texas & Pac. Ry. Co. v. Voliva, 41 Texas Civ. App., 17, 91 S. W. 354 (wr. ref.); Galveston H. & S. A. Ry. Co. v. Crawford, 9 Texas Civ. App., 245, 29 S. W. 958 (wr. ref.); Payne v. Allen, 78 S. W. (2d) 1018 (W.O.J.).

The trial court erred in the following respects: (1) in refusing to allow Staples and Mrs. Bowen to show, if they can,

"good cause" for setting aside the judgment of June 9, 1928;

(2) in refusing to allow them to show, if they can, a sufficient excuse for the delay, which occurred prior to October 24, 1938, in the prosecution of the motion for new trial. Because of these errors committed by the trial court, the judgment of reversal and remand which the Court of Civil Appeals entered is affirmed.

Opinion adopted by the Supreme Court March 11, 1942.

Rehearing overruled April 29, 1942.