SOUTHERN PACIFIC TRANSPORTA-
TION COMPANY, Petitioner,

v.

Gussie F. STOOT, Respondent.

No. B–5454.

Supreme Court of Texas.

Dec. 17, 1975.

McLeod, Alexander, Powel & Apffel, Inc., Robert W. Alexander and James L. Anthony, Galveston, for petitioner.

Baker, Coltzer, Allmond & Coltzer, Robert G. Coltzer, Galveston, for respondent.

REAVLEY, Justice.

Pursuant to local rules and after hearing, the trial court dismissed for want of prosecution Gussie F. Stoot's damage suit against Southern Pacific Transportation Company. The Court of Civil Appeals reversed the judgment of dismissal and remanded the cause for trial. 527 S.W.2d 765. We uphold the procedure and the decision of the trial court.

Stoot's suit was filed on August 11, 1971, alleging an injury suffered on August 12, 1969, while alighting from a passenger train owned and operated by the defendant. Two years after the filing of the suit, it was placed on the dismissal docket. Stoot's first motion for reinstatement was heard on October 2, 1973. That motion was granted and the case was set to be tried in November of 1973, but the setting was nullified on October 5 when the defendant effected the transfer of the case from the non-jury docket to the jury docket. There was no other activity in the case, other than the taking of the deposition of the plaintiff on January 31, 1974, until the case was placed on the drop docket on October 17, 1974. Under the local rules of the four district courts of Galveston County, promulgated pursuant to Rule 817, Tex.Rules Civ.Proc., civil jury cases are automatically placed on the drop docket by the district clerk when they have been on file for over two (formerly three)

years if there is then no setting for trial or other hearing.[1] Notice is given to the parties of the status of the case and, after passage of thirty days following the mailing of the notice, the case is dismissed for want of prosecution unless a motion for reinstatement is filed. The rule was followed in the present case. Stoot filed a motion for reinstatement on November 15, 1974. The motion was heard and denied on December 17, 1974, and the judgment of dismissal was signed by the judge on January 2, 1975.

Delay haunts the administration of justice. It postpones the rectification of wrong and the vindication of the unjustly accused. It crowds the dockets of the courts, increasing the costs for all litigants, pressuring judges to take short cuts, interfering with the prompt and deliberate disposition of those causes in which all parties are diligent and prepared for trial, and overhanging the entire process with the pall of disorganization and insolubility. But even these are not the worst of what delay does. The most erratic gear in the justice machinery is at the place of fact finding, and possibilities for error multiply rapidly as time elapses between the original fact and its judicial determination. If the facts are not fully and accurately determined, then the wisest judge cannot distinguish between merit and demerit. If we do not get the facts right, there is little chance for the judgment to be right.

The case now on appeal was dismissed by the trial court five years, four months, and 21 days after the occurrence which this plaintiff says damaged him to the extent of $115,000. The passage of that much time presents substantial impediments to the full and fair determination of the facts in this case—or in any case.

The district judges of Galveston County recognized this problem, took responsibility for the condition of their dockets, and moved against the troubles of delay. They required all parties seeking affirmative relief to see that their cases were set for trial within a certain period of time. They provided a full opportunity for explanation to be made in those cases where there was

---

1. The following is the full text of this particular rule of the District Courts of Galveston County.

RULE V—DROP DOCKET

a) Civil non-jury cases, excepting tax cases, which have been on file over two (2) years, which are not set for trial or other hearing, shall be placed on the Drop Docket by the District Clerk.

b) Civil jury cases, excepting tax cases, which have been on file over three (3) years, which are not set for trial or other hearing, shall be placed on the Drop Docket by the District Clerk.

c) Commencing with the October, 1974, Term, civil jury cases, excepting tax cases, which have been on file over two (2) years, which are not set for trial or other hearing, shall be placed on the Drop Docket by the District Clerk.

d) When a case has been placed on the Drop Docket as above provided, the District Clerk shall promptly send a notice of such fact to the last known address of counsel for all parties, and to the last known address of any party who is unrepresented by counsel. A copy of such notice shall be filed with the papers of the cause with notation thereon made by the District Clerk showing the name and address of all counsel or parties to whom notice was mailed and the date of mailing.

e) Unless a written motion for reinstatement has been filed prior to the expiration of thirty (30) days after the mailing by the District Clerk of such notice, such case shall be dismissed for want of prosecution.

f) Motions for reinstatement filed during such thirty (30) day period shall be called to the attention of the Judge of the Court in which the case is pending and shall be set down for hearing by that Judge more than ten (10) days after a copy of such motion and written notice of the time of the hearing is mailed to all parties or counsel of record. The original notice must show the names and addresses of all parties or counsel to whom copies of such notice were sent and the date of mailing same, such original notice shall be filed with the original papers of the cause. For good cause shown, the Judge may reset the hearing on the motion for reinstatement.

g) An order reinstating a cause on the active docket shall, unless good cause be shown for not doing so, set the cause for trial on the merits on a day certain.

cause for the delay. In this particular case the plaintiff had made no effort to bring his case to trial. No problems of complicated discovery interfered with its disposition. The only activity generated on the docket of the cause was at the instance of the defendant or of the trial court itself. The trial court, exercising judicial discretion, was clearly entitled to dismiss this cause for want of prosecution.

The Court of Civil Appeals and the brief filed on behalf of Stoot in this Court discuss that line of cases where dismissal for want of prosecution has been upheld on the ground that the party seeking relief "abandoned" his cause—or failed to exercise due diligence: *Bevil v. Johnson,* 157 Tex. 621, 307 S.W.2d 85 (1957); *Callahan v. Staples,* 139 Tex. 8, 161 S.W.2d 489 (1942); *Denton County v. Brammer,* 361 S.W.2d 198 (Tex. 1962); *Missouri Pacific R. R. Co. v. Liberty County Water Control and Improvement Dist. No. 6,* 483 S.W.2d 50 (Tex.Civ.App. 1972, writ ref'd n. r. e.); *Petroleum Refining Co. v. McGlothlin,* 429 S.W.2d 676 (Tex. Civ.App.1968, writ ref'd n. r. e.); *Beckham v. Travelers Ins. Co.,* 487 S.W.2d 772 (Tex. Civ.App.1972, no writ). The question in those cases was whether the passage of time in itself, in the absence of satisfactory explanation, warranted the presumption of abandonment—or the legal conclusion that diligence had not been exercised. We need not decide whether the passage of over three years in itself would be sufficient to warrant a determination that Stoot had failed to exercise diligence, because that is not our case. Here the trial court has taken a reasonable and effective step to enforce the duty of diligence required of parties who seek relief in that court. The rules give notice to all who practice in the trial courts of Galveston County that all parties will be required to see to the disposition of their cases within the time stated or suffer dismissal. The counsel for plaintiff Stoot made no showing of good cause for his failure to meet the requirements of the rules of that court.

The judgment of the Court of Civil Appeals is reversed; the judgment of the trial court is here affirmed.