Carl **PHILLIPS** and Joe Ann **Phillips,** Appellants,

v.

Greg **WELCH** and Buster **Welch,** Appellees.

No. 2–87–207–CV.

Court of Appeals of Texas, Fort Worth.

April 28, 1988.

Ayre, Bale & Boss and Terry P. Ayre, Houston, for appellants.

Snider & Moore and Larry L. Fowler and Frederick M. Boss, Arlington, for appellees.

Before BURDOCK, JOE SPURLOCK, II and KELTNER, JJ.

## OPINION

JOE SPURLOCK, II, Justice.

This an appeal from an order dismissing appellants' suit for want of prosecution.

We affirm.

Appellants, Carl and Joe Ann Phillips owned a quarter horse. In January, 1983, Greg Welch arranged to transport the horse from Phoenix, Arizona to Corsicana, Texas. After the horse arrived in Corsicana, it became ill and died. Appellants sued appellees, Greg Welch and Buster Welch, for property damages incurred as a result of the horse's death. Service was never obtained on Buster.

Appellants hired counsel and filed suit in Harris County on January 18, 1985. Appellee, Greg Welch, filed his motion to transfer venue and an original answer on April 1, 1985, and filed interrogatories and document production requests on April 6, 1985. Appellants had filed a first amended original petition on February 11, 1985, and filed a second amended original petition on June 24, 1985. The only change made on either amended petition was to reflect a new address for Buster Welch. Appellants answered appellee's interrogatories on June 5, 1985. Appellants never filed a response to appellee's motion to transfer venue, and never conducted any type of discovery on their own.

On October 11, 1985 the trial court ordered the case transferred to Parker County on the uncontested motion to transfer venue. The suit was placed on the dismissal docket call on June 30, 1987 because there had been no activity in the suit since it was transferred to Parker County. Appellants did not appear for the dismissal docket call, and the suit was dismissed for want of prosecution on July 2, 1987. Appellants filed a motion to reinstate which was denied on August 12, 1987.

Appellants argue in their first point of error that the trial court erred in dismissing the case for want of prosecution. They assert that the lawsuit was prosecuted diligently because discovery had been undertaken *by the parties*, the suit had been on file less than two years in Parker County, and they had no intention of abandoning their cause of action. We note the *only* discovery of record in the case was the interrogatories and request for documents filed by *appellee* in April 1985.

When a case is dismissed for want of prosecution, the question on review by an appellate court is whether there was a clear abuse of discretion by the trial court. *See Veterans' Land Board v. Williams,* 543 S.W.2d 89, 90 (Tex.1976). In reviewing the record, we note the only discovery was conducted by appellee. Appellants' only action in the suit was to amend their petition twice prior to the suit being transferred to Parker County. However, there was no change made to the cause of action pleaded. No action at all was taken by appellants after filing their second amended petition on June 24, 1985, a period of over two years. Furthermore, appellants never obtained service on Buster Welch (whose address was the only change amended in appellants' suit in 1985), and they never sought substituted service on him. Appellants failed to appear at the June 30, 1987 dismissal docket call to offer an explanation for their failure to prosecute. There is nothing *in the record* to indicate an excuse for failure to prosecute or appear.

Appellants nevertheless claim they did not intend to abandon their suit. However, intent to abandon *is not the test* for the trial court to apply in passing upon a motion to dismiss for lack of prosecution. The sole test is whether the case is prosecuted with due diligence. *See Frank v. Canavati,* 612 S.W.2d 221, 222 (Tex.Civ. App.—San Antonio 1980, writ ref'd n.r.e.). We agree with the trial court that appellants were not diligent in prosecuting their suit. We conclude that the trial court did not abuse its discretion in dismissing appel-

lants' suit. We overrule appellants' first point of error.

In their second point of error, appellants argue that the trial court erred in denying their motion for reinstatement pursuant to TEX.R.CIV.P. 165a. Appellants argue in their motion to reinstate that their failure to prosecute was not intentional or the result of conscious indifference, but rather due to administrative entanglements resulting from the dissolution of the Houston law firm of Cherry and Ayre. Appellants claim in their motion that for six months the file was in the law office of Douglas Cherry (not the trial attorney). Appellants' counsel, Terry Ayre, did not regain the file until a few days prior to the court's dismissal docket. Ayre was in trial in Harris County and could not attend the dismissal docket call. Attached to appellants' motion to reinstate was an affidavit sworn to by Ayre stating that all the above facts were true.

Although these facts may be true, we have no record of them before us. Appellants received a hearing on their motion to reinstate. However, we have no statement of facts from the hearing in the record. With no statement of facts before us, we must presume the trial court had before it and passed on all facts necessary to support the judgment. *See Knight v. Trent,* 739 S.W.2d 116, 119 (Tex.App.—San Antonio 1987, no writ), *quoting, Davis v. Huey,* 571 S.W.2d 859, 862 (Tex.1978). Further, appellants' contention that their failure to appear at the dismissal docket call was the result of a conflicting trial schedule is not grounds for reinstating the case. The suit was dismissed for want of prosecution, not for appellants' failure to appear at the dismissal docket call.

Appellants' counsel's allegation that his ex-partner was in possession of the file for six months does not reasonably explain counsel's failure to obtain the file and prosecute the case with due diligence. We hold that the trial court did not abuse its discretion in not reinstating the suit in which appellants *had taken no action* in over two years other than to change an address in two amended petitions. It is clear that

appellants were, at the very least, indifferent about prosecuting their suit. We overrule appellants' second point of error.

We affirm.