McFarland v. Heath 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-315-CV





LUCILLE McFARLAND AND WILLIAM HOWARD McFARLAND,



 APPELLANTS


vs.





GERALD LEE HEATH, INDEPENDENT EXECUTOR OF THE ESTATE


OF CLARENCE ALEXANDER McFARLAND, JR.,



 APPELLEE





 




FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY



NO. 53,924, HONORABLE GUY HERMAN, JUDGE PRESIDING



 





 Appellants Lucille McFarland and son William McFarland challenge two trial-court
orders dismissing for want of prosecution the McFarlands' contest of will admitted to probate (the
"will contest"), and denying the McFarlands' motion to reinstate the dismissed cause. The
McFarlands contested the validity of the last will of Clarence McFarland, which designated
appellee Gerald Lee Heath as the sole heir and independent executor of the will. The McFarlands
bring twelve points of error alleging, essentially, that the trial court abused its discretion in first
dismissing and then refusing to reinstate their cause of action. We will affirm the trial court's
judgment.



BACKGROUND


 On June 18, 1981, Clarence executed his will. Although he was the son of Lucille
and the brother of William, Clarence designated Heath as his sole heir under the will. Clarence
died on May 22, 1988, and on August 1, 1988, his will was admitted to probate. Thereafter, the
McFarlands hired a private investigating firm to locate the witnesses and notary public involved
in executing the will. On June 29, 1990, the firm notified the McFarlands that it had located one
of the two witnesses and the notary public. On August 1, 1990, exactly two years after the will
was probated, the McFarlands filed their will contest. 

 During the next year and a half, the McFarlands engaged in what they describe as
"informal discovery" relating to the will contest. They continued to employ the investigating firm
to locate the remaining witness to the will until the middle of 1991, when they abandoned the
search. In addition, they communicated with the witness and notary public who were located,
researched various legal issues implicated by an affidavit relating to the merits of their will
contest, and communicated with Heath on several occasions, one of which regarded settlement
possibilities.

 The McFarlands and their attorney also engaged in legal activities that did not
further the prosecution of their will contest. The McFarlands' attorney established a new law firm
with another attorney after his law firm dissolved at the end of 1991. This event required the
McFarlands to decide whether to transfer their file to the new firm, and required the McFarlands'
attorney to address the logistics of creating the new firm. In addition, the McFarlands' attorney
was representing them in a partition suit instituted in 1986 and still pending when Heath filed his
motion to dismiss this cause. The partition suit affected the extent of Clarence's interest in certain
real property, and thus affected the amount of real property in his estate.

 On February 14, 1992, over eighteen months after this cause was first instituted,
Heath filed a motion to dismiss this cause for want of prosecution pursuant to the trial court's
inherent power or, alternatively, Rule 165a of the Texas Rules of Civil Procedure. Tex. R. Civ.
P. 165a. The McFarlands responded by requesting a trial date for the will contest and a pretrial
schedule. The trial court, after considering the evidence presented at the hearings, dismissed the
cause on March 11, 1992, and denied the McFarlands' motion to reinstate on April 28, 1992. 



 

STANDARD OF REVIEW


 A trial court has the inherent authority to "dismiss a suit for failure to prosecute
it with due diligence." Bevil v. Johnson, 307 S.W.2d 85, 87 (Tex. 1957). On appeal from an
order dismissing a case for failure to prosecute with due diligence, the question is "whether there
was a clear abuse of discretion by the trial court." Id. The abuse of discretion standard also
governs an appeal from an order denying a motion to reinstate a case dismissed for want of
prosecution. Eustice v. Grandy's, 827 S.W.2d 12, 14 (Tex. App.Dallas 1992, no writ);
Levermann v. Cartall, 715 S.W.2d 728, 729 (Tex. App.Texarkana 1986, writ ref'd n.r.e.). A trial court abuses its discretion when it acts in an unreasonable and arbitrary
manner, or when it acts without reference to any guiding principles. Beaumont Bank, N.A. v.
Buller, 806 S.W.2d 223, 226 (Tex. 1991); Downer v. Aquamarine Operators, Inc., 701 S.W.2d
238, 241-42 (Tex. 1985), cert. denied, 476 U.S. 1159 (1986). This Court may not reverse merely
because we disagree with a decision of the trial court. Buller, 806 S.W.2d at 242.



DISCUSSION


 In points of error one, four, five, six, nine, and ten, the McFarlands complain that
(1) the trial court erred in dismissing their cause of action and refusing to reinstate it; (2) there
was no evidence to support the order of dismissal; and (3) both orders were against the great
weight and preponderance of the evidence. In points of error three and eight, the McFarlands
complain that the trial court abused its discretion in dismissing and refusing to reinstate their case. 
The McFarlands combine their argument for these eight points of error.

 The McFarlands contend they prosecuted their will contest with reasonable
diligence or that they at least provided sufficient explanation to justify any unreasonable delay in
the prosecution. In Callahan v. Staples, 161 S.W.2d 489 (Tex. 1942), the Texas Supreme Court
articulated the "rule of `discontinuance'" as follows:


Where the defendant in a suit is called to answer and has responded to the call, the
duty devolves on the plaintiff to proceed in prosecuting the suit to a conclusion
with reasonable diligence, and whenever a delay of an unreasonable duration
occurs, such delay, if not sufficiently explained, will raise a conclusive
presumption of abandonment of the plaintiff's suit, and a discontinuance results. 



Id. at 491; Bevil, 307 S.W.2d at 87-88 (quoting Callahan, 161 S.W.2d at 491).

 When addressing whether a party has prosecuted an action with reasonable
diligence, courts look to the factual context surrounding the case. Callahan, 161 S.W.2d at 491. 
In other words, the entire procedural history of the litigation is relevant. Frenzel v. Browning-Ferris Indus., Inc., 780 S.W.2d 844, 845 (Tex. App.Houston [14th Dist.] 1989, no writ); Coven
v. Heatley, 715 S.W.2d 739, 740 (Tex. App.Austin 1986, writ ref'd n.r.e.).

 Certain factors are relevant when assessing the propriety of a dismissal for want
of prosecution. One factor is the desire to avoid delay. See Southern Pac. Transp. Co. v. Stoot,
530 S.W.2d 930, 931 (Tex. 1975). In Southern Pacific, the Texas Supreme Court expressed the
"troubles of delay" by stating:



 Delay haunts the administration of justice . . . . The most erratic gear in
the justice machinery is at the place of fact finding, and possibilities for error
multiply rapidly as time elapses between the original fact and its judicial
determination . . . . If we do not get the facts right, there is little chance for the
judgment to be right. 



Id. Courts vary in the time periods used to assess unreasonable delay. Some refer to the amount
of time the case has been on the trial court's docket. See, e.g., Bevil, 307 S.W.2d at 88. Others
refer to the time that has elapsed since the event underlying the lawsuit. See, e.g., Southern
Pacific, 530 S.W.2d at 931. Further, there does not appear to be a bright-line yardstick
establishing the requisite delay which justifies dismissal. See Denton Co. v. Brammer, 361
S.W.2d 198, 201 (Tex. 1962) (noting that "mere lapse of time . . . cannot operate as an
abandonment"). For example, a dismissal for want of prosecution has been upheld when over five
years elapsed since the date of the underlying event that resulted in the lawsuit, Southern Pacific,
530 S.W.2d at 931; when a motion, which served as the basis for the dismissal, was on the trial
court's docket for more than eight years, Bevil, 307 S.W.2d at 88; and when almost three years
elapsed between the filing of the lawsuit and the motion to dismiss for want of prosecution,
Coven, 715 S.W.2d at 740. 

 In addition to delay, courts evaluate the plaintiff's activity during the relevant time
period. In Southern Pacific, there was a two-year period of total inactivity between the date the
plaintiff filed suit and the date he was notified that the case was being placed on the dismissal
docket, and, subsequent to the notice of dismissal, the case was set for trial and the parties
engaged in settlement negotiations. Stoot v. Southern Pac. Co., 527 S.W.2d 765, 766-67 (Tex.
App.Houston [14th Dist.]), rev'd, 530 S.W.2d 930 (Tex. 1975). Based on these facts, the
supreme court upheld the trial court's dismissal for want of prosecution. Southern Pacific, 530
S.W.2d at 932. The supreme court similarly upheld a trial court's dismissal for want of
prosecution when there was no evidence of any effort to prosecute a motion for over four years. 
Bevil, 307 S.W.2d at 88. Other Texas appellate courts have affirmed trial courts' dismissals for
want of prosecution when the plaintiff complied with the local court rules and set the suit for trial,
Coven, 715 S.W.2d at 740-41, and when the party opposed to the dismissal engaged in extensive
research, Frenzel, 780 S.W.2d at 845. 

 In the instant case, three years and six months elapsed from the date the trial court
admitted the will to probate until the date on which Heath filed his motion to dismiss. The
McFarlands emphasize that only one year and six months elapsed from the date they filed their
will contest until the date Heath filed his motion to dismiss. However, the only evidence of
prosecution during this time consists of various phone calls, legal research for an affidavit, and
waiting for the private investigator to locate one of the two witnesses to the will. The record does
not reflect that the McFarlands filed any pleadings besides the initial petition in the will contest
or ever engaged in formal discovery such as depositions or interrogatories during this time. No
hearings or other pretrial matters took place during this time. It was not until after Heath filed
his motion to dismiss that the McFarlands, in their response, requested that the trial court assign
a trial date for the will contest and set deadlines for various pretrial matters. Based on the
foregoing circumstances, we cannot say that the trial court abused its discretion in holding that
the McFarlands failed to prosecute their will contest with reasonable diligence. 

 The trial court nevertheless must provide the McFarlands with the opportunity to
present a sufficient excuse for the unreasonable delay. Callahan, 161 S.W.2d at 492. The
McFarlands argue that the partition suit, in which the McFarlands and their present attorney were
involved, provides a reasonable excuse for the delay in prosecuting their will contest. They point
to evidence that the partition suit consumed a great deal of their time and resources. However,
the trial court acts within its discretion when refusing to reinstate a case even if there is evidence
of conflicting trial schedules, Phillips v. Welch, 749 S.W.2d 286, 288 (Tex. App.Fort Worth
1988, no writ), or of other legal matters that require the attorney's time, Coleman v. Hughes
Blanton, Inc., 599 S.W.2d 643, 645 (Tex. Civ. App.Texarkana 1980, no writ). 

 The McFarlands rely on the dissolution of their attorney's law firm as a second
explanation for the failure to prosecute with reasonable diligence. They note that the dissolution
resulted in at least a one-month delay because of the need to determine whether to transfer their
file to the attorney's new firm. This does not provide an adequate excuse for two reasons. First,
the delay explains only a small portion of the time during which the McFarlands failed to
prosecute their will contest with reasonable diligence. Second, the law deems the McFarlands to
be on notice that their will contest "may be dismissed for want of prosecution when there is
inaction for a long period of time." Knight v. Trent, 739 S.W.2d 116, 119 (Tex. App.San
Antonio 1987, no writ). 

 The McFarlands finally assert that the settlement discussions that took place during
the delay constitute a reasonable excuse. They recognize that engaging in settlement activities
does not excuse a party from the duty of diligent prosecution, see Texas Soc'y, Daughters of the
Am. Revolution, Inc. v. Hubbard, 768 S.W.2d 858, 860 (Tex. App.Texarkana 1989, no writ),
but nevertheless argue that when viewed cumulatively in conjunction with their other reasons,
these activities constitute a reasonable excuse for the lack of diligent prosecution. However, the
McFarlands cite no authority for this contention. See Tex. R. App. P. 74(f). Nevertheless, even
assuming that three independently deficient excuses together can produce a reasonable excuse, we
cannot say the trial court abused its discretion in dismissing and failing to reinstate the
McFarlands' will contest. Points of error one, three, four, five, six, eight, nine, and ten are
overruled. 

 In points of error two and seven, the McFarlands argue that the trial court's
dismissal and failure to reinstate their will contest deprived them of due course of the law under
the United States and Texas Constitutions. The McFarlands fail to present any argument or
authority to support these points, and therefore waived these points of error for our review. Tex.
R. App. P. 74(f); Rayburn v. Giles, 182 S.W.2d 7 (Tex. Civ. App.--San Antonio 1944, writ
ref'd); Toungate v. Bastrop Indep. Sch. Dist., 842 S.W.2d 823, 828 (Tex. App.Austin 1992,
no writ). 

 In points of error eleven and twelve, the McFarlands argue that the trial court's
dismissal and refusal to reinstate their will contest (1) violated their state and federal due process
rights and (2) violated the standards promulgated by the Texas Supreme Court in TransAmerican
Natural Gas Co. v. Powell, 811 S.W.2d 913, 917 (Tex. 1991), regarding the imposition of
sanctions. 

 The McFarlands did not assert these arguments in their motion to reinstate. "[A]
party cannot raise an issue for the first time on appeal which was not presented to the trial court." 
Andrews v. ABJ Adjusters, Inc., 800 S.W.2d 567, 568-69 (Tex. App.--Houston [14th Dist.] 1990,
writ denied); see McCain v. NME Hosps., Inc., 856 S.W.2d 751, 755 (Tex. App.--Dallas 1993,
no writ); Tex. R. App. P. 52(a). We overrule points of error eleven and twelve. 

 We affirm the orders of the trial court.


 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: June 1, 1994

Do Not Publish