COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

ROSA I. HERRERA,                                            )

                                                                              )              
No.  08-03-00504-CV

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
120th District Court

JOSE ANGEL RIVERA and AMALIA
                )

RIVERA,                                                               )           
of El Paso County, Texas

                                                                              )

Appellees.                          )                 
   (TC# 99-611)

                                                                              )

 

 

O
P I N I O N

 








This is an appeal
from an order of dismissal and order overruling a motion for
reinstatement.  Appellant, Rosa I.
Herrera, raises five issues on appeal. 
In Issue One, Appellant alleges that the trial court abused its
discretion by dismissing her case for want of prosecution.  In Issue Two, Ms. Herrera alleges that the
trial court abused its discretion by not granting her motion to reinstate.  In Issue Three, Appellant argues that the
trial court erred in refusing to allow Ms. Herrera=s
trial counsel to be sworn in and testify at the motion to reinstate
hearing.  In Issue Four, Ms. Herrera
challenges the trial court=s
Finding of Fact No. 8.  In Issue Five,
Ms. Herrera argues that the trial court=s
conclusions of law apply an incorrect standard to her motion to reinstate and
cannot support the denial of her motion. Appellee Jose Angel Rivera filed a
brief in this appeal, but Appellee Amalia Rivera did not file a brief or enter
an appearance when the case was submitted to this Court.  We reverse and remand.  

On October 12,
1996, Appellant Rosa I. Herrera entered into a written agreement to buy
Appellees= property
located at 3809 Memphis Ave. in El Paso, Texas. 
The agreement was: 
Ms. Herrera and Noel H. Renteria would pay Mr. and Mrs. Rivera
$10,000 and take over the monthly payments on the property of $340.  The $10,000 would be paid in three installments:  $4,000 was due on January 31, 1997; $3,000
was due on April 31, 1997; and $3,000 was due on July 31, 1997.  Upon complete payment, the house was to be
deeded to Mr. Renteria and Ms. Herrera.

According to Ms.
Herrera=s
original petition, she made a payment of $1,020 at the time the contract was
signed which represented three monthly payments past due on the mortgage.  She also made the first payment of $4,000 on
January 23, 1997.  Between November 1996
and February 1997, Ms. Herrera made the $340 monthly payments.  During this time, Ms. Herrera incurred
additional costs of $6,000 for structural improvements done to the home.  Shortly after Ms. Herrera had paid for these
improvements, Mr. and Mrs. Rivera informed Ms. Herrera that the contract was
terminated.  Mr. and Mrs. Rivera did not
return any funds tendered in performance of the contract.








On February 22,
1999, Ms. Herrera filed her original petition for specific performance and
declaratory relief.  A Notice of Lis
Pendens was also filed on April 7, 1999. 
On April 8, 1999, Mr. Rivera filed a general denial.  On June 14, 1999, Mr. and Mrs. Rivera were
served with Ms. Herrera=s
request for disclosure.  On June 25, 1999,
Mr. Rivera filed his response to Plaintiff=s
request for disclosure in which Mr. Rivera objected to a majority of Ms.
Herrera=s
requests.  In a letter dated July 15,
1999, Ms. Herrera=s
attorney contacted Mr. Rivera=s
attorney regarding his reply, requesting a more productive response to the
Request for Disclosure filed by Ms. Herrera and stating that failure to do
so by July 29, 1999, would result in the filing of a motion for sanctions.  On August 19, 1999, Ms. Herrera filed a
Motion to Compel Answers to Discovery and For Sanctions and Motion Setting
Hearing in which Ms. Herrera announced she was ready for trial.  On August 20, 1999, both parties filed a Rule
11 Agreement to Extend Time to Object and Respond to Discovery; the date was
extended to August 30, 1999.  

On December 22,
1999, a Notice of Change of Designation of Agency Counsel was filed on behalf
of Ms. Herrera designating a new attorney for Ms. Herrera.  On November 15, 2000, a second Notice of
Change of Designation of Counsel was filed on behalf of Ms. Herrera.  On February 7, 2003, a third Notice of Change
of Designation of Counsel was filed on behalf of Ms. Herrera.  On April 11, 2003, Ms. Herrera filed a motion
for preferential setting.  

On May 13, 2003,
the trial court signed an order setting a hearing for a defendant=s motion to withdraw as counsel; the
hearing was schedule for June 17, 2003. 
On May 21, 2003, Mr. Rivera=s
attorney filed a Motion to Withdraw As Counsel of Record; the motion stated
that he had not had contact with Mr. Rivera since 2000 and did not know his
whereabouts.[1]  On June 19, 2003, the trial court filed an
order setting a status conference hearing scheduled for June 26, 2003.  On July 14, 2003, the trial court filed an
order setting a hearing for a motion to dismiss for want of prosecution
scheduled for August 21, 2003.  The
record does not contain a transcript of such hearing.  On August 21, 2003, the trial judge entered an
order dismissing the case for want of prosecution.








On September 19,
2003, Ms. Herrera filed a Motion to Reinstate After Dismissal for Want of
Prosecution.  In response to this motion,
Mr. Rivera filed a original answer containing a general denial.  A Notice of Change of Designation of Counsel
was filed on October 29, 2003.  The trial
court filed an order setting the hearing on Ms. Herrera=s
motion to reinstate for November 4, 2003. 
The record before us contains a transcript of the motion to reinstate
hearing.  The trial court denied the
motion to reinstate.  On November 13,
2003, Ms. Herrera filed a request for findings of fact and conclusions of
law.  On January 9, 2004, the trial court
filed findings of fact and conclusions of law with regard to the motion to
reinstate.  On January 20, 2004, Ms.
Herrera filed a request for amended and additional findings of fact and
conclusions of law.  On January 23, 2004,
Mr. Rivera filed an opposition to Ms. Rivera=s
request for amended and additional findings of fact and conclusions of
law.  The record before the Court
contains no amended and additional findings of fact and conclusions of
law.  On December 3, 2003, Mr. Herrera
timely filed a notice of appeal.

In Issue One, Ms.
Herrera argues that the trial court erred in dismissing the case for want of
prosecution.  Specifically, Ms. Herrera
argues that the notice of the dismissal was deficient since it failed to state
the reason why the case was being dismissed. The notice simply read as follows:

The above entitled and
numbered cause is hereby reset for a MOT DISMISS WANT OF PROSECUTION before
Judge Luis Aguilar on August 21, 2003 at 08:30am, in the 120th
District Court, El Paso County Courthouse, 500 E. San Antonio, Room 605, 6th
Floor, El Paso, Texas.

 








Secondly, Ms. Herrera argues that
because at the time of the dismissal, she had requested a preferential trial
setting and appeared at the dismissal hearing and announced ready for trial,
the trial court abused its discretion in dismissing the case.  The record before us contains no transcript
of the August 21, 2003 motion to dismiss for want of prosecution hearing.  In her brief, in support of her argument, Ms.
Herrera makes reference to the contents in her Motion to Reinstate.  Mr. Rivera objects to Ms. Herrera=s reliance on the contents of said
Motion to Reinstate in arguing the merits of the trial court=s decision to dismiss the plaintiff=s case for want of prosecution.  Since there is no record of the August 21,
2003 hearing in the record, Mr. Rivera argues that he is entitled to the
benefit of the legal presumption that the record is presumed to support the
trial court=s order
dismissing the plaintiff=s
case for want of prosecution.  We agree
with Mr. Rivera=s
assertion.

Deficient
Notice of Dismissal

We first address
Ms. Herrera=s
argument that the notice of dismissal was deficient.  A trial court=s
authority to dismiss for want of prosecution stems from two sources:  (1) Rule 165a of the Texas Rules of Civil
Procedure; and (2) the court=s
inherent power.  See Villareal v. San
Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex. 1999); Veterans= Land Bd. v. Williams, 543 S.W.2d
89, 90 (Tex. 1976).  A trial court may
dismiss under Rule 165a on Afailure
of any party seeking affirmative relief to appear for any hearing or trial of
which the party had notice,@
or when a case is Anot
disposed of within time standards promulgated by the Supreme Court.@ 
Tex.R.Civ.P.
165a(1)-(2).  In addition, the common law
vests the trial court with the inherent power to dismiss independently of the
rules of procedure when a plaintiff fails to prosecute his or her case with due
diligence.  Villareal, 994 S.W.2d
at 631; State v. Rotello, 671 S.W.2d 507, 508-09 (Tex. 1984).  








A party must be
provided with notice and an opportunity to be heard before a court may dismiss
a case for want of prosecution under either Rule 165a or its inherent
power.  See Tex.R.Civ.P. 165a(1).  Texas Rules of Civil Procedure 165a states in
pertinent part:

Notice of the court=s intention to dismiss and the date and
place of the dismissal hearing shall be sent by the clerk to each attorney of
record, and to each party not represented by an attorney and whose address is
shown on the docket or in the papers on file . . . . 

 

The requirements of a notice and a
hearing are necessary to ensure the dismissed claimant has received due
process.  Tex. Sting Ltd. v. R.B.
Foods, Inc., 82 S.W.3d 644, 648 (Tex.App.--San Antonio 2002, pet. denied); Franklin
v. Sherman Indep. Sch. Dist., 53 S.W.3d 398, 401 (Tex.App.--Dallas 2001,
pet. denied).  The failure to provide
adequate notice of the trial court=s
intent to dismiss for want of prosecution requires reversal.  Villareal, 994 S.W.2d at 630-31.  

The notice to
dismiss read as follows:

The above entitled and
numbered cause is hereby reset for a MOT DISMISS WANT OF PROSECUTION before
Judge Luis Aguilar on August 21, 2003 at 08:30am, in the 120th
District Court, El Paso County Courthouse, 500 E. San Antonio, Room 605, 6th
Floor, El Paso, Texas.

 








Ms. Herrera argues that with such
notice, she never received specific notice whether the dismissal was pursuant
to Rule 165a(1), Rule 165a(2), or the court=s
inherent authority.  While the notice
does not reference the specific reason for dismissal, neither is necessary to
put appellant on notice that the trial court could dismiss under Rule 165a(1),
Rule 165a(2), or its inherent authority. 
Binner v. Limestone County, 129 S.W.3d 710, 712 (Tex.App.BWaco 2004, pet. denied); see contra
Johnson-Snodgrass v. KTAO, Inc., 75 S.W.3d 84, 89-90 (Tex.App.--Fort Worth
2002, pet. dism=d); Lopez
v. Harding, 68 S.W.3d 78, 80-1 (Tex.App.--Dallas 2001, no pet.).  We therefore find that the notice to dismiss
was adequate.[2]

Trial
Court=s Abuse
of Discretion in Dismissing Ms. Herrera=s
Case








The decision to
dismiss a case for want of prosecution rests within the sound discretion of the
trial court, and can be disturbed on review only if it amounted to a clear
abuse of discretion.  See State v.
Rotello, 671 S.W.2d 507, 508-09 (Tex. 1984); Bevil v. Johnson, 157
Tex. 621, 307 S.W.2d 85, 87 (1957).  A
trial court abuses its discretion when it acts in an arbitrary and unreasonable
manner, or when it acts without reference to any guiding principles.  See Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241-42 (Tex. 1985).  When
deciding whether to dismiss a case for want of prosecution, the trial court may
consider the entire history of the case, including the amount of activity in
the case, the length of time the case was on file, requests for a trial date,
and the existence of reasonable excuses for delay.  See Bilnoski v. Pizza Inn, Inc., 858
S.W.2d 55, 58 (Tex.App.--Houston [14th Dist.] 1993, no writ.); City of
Houston v. Malone, 828 S.W.2d 567, 568 (Tex.App.--Houston [14th Dist.]
1992, no writ).  If the trial court=s order dismissing a case for want of
prosecution does not specify a particular reason for the dismissal, the
appellate court will affirm if any proper ground supports the dismissal.  See Shook v. Gilmore & Tatge Mfg. Co.,
951 S.W.2d 294, 296 (Tex.App.--Waco 1997, pet. denied); City of Houston v.
Thomas, 838 S.W.2d 296, 297 (Tex.App.--Houston [1st Dist.] 1992, no
writ).  The appellant bears the burden of
producing a record that shows the district court abused its discretion.  Simon v. York Crane & Rigging Co.,
Inc., 739 S.W.2d 793, 795 (Tex. 1987).

In this case, the
court did not state its reasons for dismissing the case.  The court=s
order to dismiss the case reads as follows: 

Be it remembered that
the Court, after due notice to the attorney and/or prose of record in the above
styled and numbered cause, that said cause would be dismissed, for want of
prosecution unless there was good cause being shown, is of the opinion that the
following order should be entered.

It is therefore the
ORDER of the Court that the above styled and numbered cause be DISMISSED FOR
WANT OF PROSECUTION.  

 

Since the trial court did not
specify under what ground it was exercising its authority to dismiss the case,
we may affirm the judgment under any applicable legal theory.  Point Lookout West, Inc. v. Whorton,
742 S.W.2d 277, 278 (Tex. 1987); Thomas, 838 S.W.2d at 297.  The complaining party has the burden to bring
forth a record to support its contention. 
See Simon, 739 S.W.2d at 795; American Paging of Texas, Inc.
v. El Paso Paging Inc., 9 S.W.3d 237, 240 (Tex.App.--El Paso 1999, pet.
denied).  Furthermore, since there is no
record before us of the motion to dismiss for want of prosecution hearing, we
indulge every presumption in favor of the trial court=s
findings and presume that the evidence before the trial court was adequate to
support its decision.  See Bryant v.
United Shortline Inc. Assur. Services, N.A., 972 S.W.2d 26, 31 (Tex.
1998).  In the absence of a record of the
hearing, we find that the trial court did not abuse its discretion to dismiss
Ms. Herrera=s case
for want of prosecution.  Ms. Herrera has
failed to meet her burden of producing a record showing the trial court=s abuse of discretion.  See Simon, 739 S.W.2d at 795.  Issue One is therefore overruled.  








In Issue Two, Ms.
Herrera contends that the trial court abused its discretion by denying her
Motion to Reinstate After Dismissal for Want of Prosecution.  Mr. Rivera responds to this argument by
alleging that the issue was waived since Ms. Herrera=s
notice of appeal made no reference to the denial of her motion to
reinstate.  Rather, Ms. Herrera=s Notice of Appeal specifically stated
that she was appealing from the Dismissal Order for Want of Prosecution.  Mr. Rivera argues that Ms. Herrera=s notice of appeal did not comply with
Texas Rule of Appellate Procedure Rule 25.1(d)(2).[3]  See Tex.R.App.P.
25.1(d)(2).  

We begin by
addressing Mr. Rivera=s
contention that Ms. Herrera waived her right to appeal the trial court=s order denying reinstatement of her
cause.  A court of appeals has
jurisdiction over any appeal where the appellant files an instrument that was
filed in a bona fide attempt to invoke appellate jurisdiction.  Grand Prairie Indep. Sch. Dist. v.
Southern Parts Imports, Inc., 813 S.W.2d 499, 500 (Tex. 1991).  The factor which determines whether
jurisdiction has been conferred on the appellate court is not the form or
substance of the perfecting instrument, but whether the instrument was filed in
a bona fide attempt to invoke appellate court jurisdiction.  See Walker v. Blue Water Garden Apartments,
776 S.W.2d 578, 581 (Tex. 1989).  








Ms. Herrera=s notice of appeal states that she is
appealing from the Dismissal Order for Want of Prosecution, signed on August
21, 2003 making no mention of the order denying her motion to reinstate the
case.  While the notice of appeal makes
no mention of the denial to reinstate order, we find that the record before the
Court makes it clear that Ms. Herrera was appealing from the order denying her
motion to reinstate as well.  We
therefore construe Ms. Herrera=s
notice of appeal as a bona fide attempt, even if defective, to sufficiently
invoke this Court=s
jurisdiction.  See Guinn v. Bosque
County, 58 S.W.3d 194, 199 (Tex.App.--Waco 2001, pet. denied), citing
Verburgt v. Dorner, 959 S.W.2d 615, 616 (Tex. 1997).

Turning to the
merits of Ms. Herrera=s
argument in Issue Two, as we discussed previously, the order does not reflect
the grounds relied on by the trial court in dismissing Ms. Herrera=s case. 
However, in the findings of fact and conclusions of law submitted by the
trial court, the court stated that it found the failure to pursue this matter
by [Ms. Herrera or her] attorney was a result of conscious indifference and not
due to an accident or mistake. 
Additionally, there is no dispute among the parties that the case was
dismissed pursuant to its inherent power to dismiss a case for failure to
prosecute the case with due diligence. 
The issue, therefore, is whether the record supports the trial court=s dismissal of Ms. Herrera=s case because she failed to prosecute
her case with due diligence.  

We review the
denial of a motion to reinstate under a clear abuse of discretion
standard.  See State v. Rotello,
671 S.W.2d 507, 509 (Tex. 1984), quoting Bevil, 307 S.W.2d at 87; Smith
v. Babcock & Wilcox Const. Co., Inc., 913 S.W.2d 467, 467 (Tex.
1995).  An abuse of discretion occurs
when the trial court acts without reference to any guiding rules or principles
or acts in an arbitrary and unreasonable manner.  Downer, 701 S.W.2d at 241; Beaumont
Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991).  We may not reverse for abuse of discretion
merely because we disagree with the decision of the trial court.  Buller, 806 S.W.2d at 226.








In determining
whether a trial court should have granted a motion to reinstate, we look to
whether a party has prosecuted the matter with due diligence.  Rainbow Home Health, Inc. v.  Schmidt, 76 S.W.3d 53, 57‑8
(Tex.App.--San Antonio 2002, pet. denied). 
Factors a trial court may consider in dismissing under its inherent
power include the length of time the case was on file, the extent of activity
in the case, whether a trial setting was requested, and the existence of
reasonable excuses for delay.  Maida
v. Fire Ins. Exchange, 990 S.W.2d 836, 842 (Tex.App.--Fort Worth 1999, no
pet.), citing King v. Holland, 884 S.W.2d 231, 237 (Tex.App.--Corpus
Christi 1994, writ denied).  The trial
court=s
decision will be reviewed to determine whether the litigant demonstrated good
cause for not prosecuting with greater diligence.  See Callahan v. Staples, 139 Tex. 8,
161 S.W.2d 489, 491 (1942).   








At the hearing on
the motion to reinstate, Ms. Herrera=s
counsel informed the trial court that for the duration of the case, a number of
different lawyers working for the El Paso Legal Aid Society[4]
had been assigned to Ms. Herrera=s
case.  It was explained to the court that
there is a high degree of turn over in staff attorneys in that office and that Ait=s
impossible for one attorney to be on the same case for a significant amount of
time sometimes.@  Despite the different number of attorneys
working on the case - which a review of the record indicates that there were at
least five different attorneys that worked on the case at any given time - Ms.
Herrera=s counsel
at the hearing indicated that from the date the lawsuit was initially filed -
February 22, 1999 - to the date the case was dismissed for want of prosecution
- August 21, 2003 - there was constant activity in the case.  Some of that activity has been summarized above
and such other activity included taking a deposition of a critical witness in
the case on July of 2000, other investigation done for the case, and a series
of correspondence between the attorney on the case and Ms. Herrera.  Even during the period where the agency lost
contact with Ms. Herrera, numerous efforts were made in an attempt to contact
Ms. Herrera, including fourteen letters attempting to contact her and a
physical trip taken to her last known address by the attorney assigned to the
case.  Ms. Herrera=s
motion to reinstate also chronologically listed the activity in the case, and
contained numerous exhibits showing the activity in the case.  Given the nature of the legal aid office as
discussed during the motion to reinstate hearing and the amount of activity
shown to have been taken in this case, we find that under these circumstances,
sufficient explanation was given to amount to a reasonable excuse for the delay
in this particular case.  The record in
this case supports the showing of a reasonable excuse for delay.  We therefore sustain Issue Two.  Because Issue Two is dispositive, we need not
address Ms. Herrera=s
remaining issues.

We reverse and
remand this matter to the trial court for further proceedings consistent with
this opinion.

 

 

 

 

May
5, 2005

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.











[1]
At oral argument, Mr. Rivera=s
attorney indicated that he withdrew the motion to withdraw as Mr. Rivera=s counsel at the August dismissal
hearing.  A transcription of this hearing
is not in the record before this Court.





[2]
Furthermore, courts have held that even complete absence of notice can be cured
when the trial court holds a hearing on the appellant=s
motion to reinstate.  Franklin v.
Sherman Indep. School Dist., 53 S.W.3d 398, 402-03 (Tex.App.--Dallas 2001,
pet. denied)(ACourts .
. . have uniformly held that when the trial court holds a hearing on a motion
to reinstate while the court had full control of its judgment . . . no harmful
error is shown.@); Jimenez
v. Transwestern Property Co., 999 S.W.2d 125, 129 (Tex.App.--Houston [14th
Dist.] 1999, no pet.).  In this case, the
trial court held a hearing on Ms. Herrera=s
motion to reinstate, providing her with the opportunity to be heard, thus
curing any potential failure of providing any alleged inadequate notice.





[3]
Tex.R.App.P. 25.1(d)(2) requires
a notice of appeal to Astate
the date of the judgment or order appealed from.@





[4]
This agency merged with Texas Rural Legal Aid sometime in 2003.  Today, it is known as Texas Rio Grande Legal
Aid, Inc.