

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-19-00257-CV**
**No. 10-19-00390-CV**

**KAYE ALEXANDER PATE,**

**Appellant**

**v.**

**CAROLYN ALEXANDER BALLARD,**

**Appellee**

**From the 77th District Court**
**Freestone County, Texas**
**Trial Court No. CV18043**

## DISSENTING OPINION

There are 242 ways to accurately make change for a dollar.  There are more ways than that to make an error in making change for a dollar.  It is because the unit of measures are well-defined that you can attain accuracy in making change and determining if there is an error.  The law is different.  To be able to review what the trial court did and thus determine if the trial court made an error, it is important to know what the trial court did.  To do this, and to facilitate our review of what the trial court did, the rules of appellate procedure require the trial court to make findings of fact and conclusions of law in support of the trial court's judgment.  After all, there may be 242

ways to get to the right judgment; but because the unit of measure is not as well-defined as a dollar, there are a lot more ways for an error to have been made that adversely affects an appellant's ability to obtain a meaningful review. Without the findings of fact and conclusions of law, we are left to look at a handful of coins and conclude that it is close enough. The law requires more.

In this proceeding, Pate requested and reminded the trial court of the need to make findings of fact and conclusions of law. *See* TEX. R. CIV. P 296; 297. We presume harm unless the record affirmatively shows that the appellant suffered no injury. *AD Villarai, LLC v. Chan Il Pak*, 519 S.W.3d 132, 135 (Tex. 2017); *Cherne Industries, Inc. Magallanes*, 763 S.W. 2nd 768, 772 (Tex. 1989). The test is not whether we can find some basis upon which to affirm the judgment, which may or may not be the one relied upon by the trial court to render the judgment and from which appeal is taken. In this situation, the one the Court identifies could be the very theory that the trial court rejected for a reason not readily apparent or identified by the Court. The actual basis for the judgment relied upon by the trial court may have been erroneous; but the appellant, and this Court, will never know and will be unable to focus the brief, or opinion thereon, without the required findings. *See* TEX. R. APP. P. 44.1(a)(2).

There is no question that the trial court erred by failing to make the requested findings and conclusions. This error is remediable; and therefore, the proper procedure is a brief delay in this appeal to remand it to the trial court to render the required findings. *See* TEX. R. APP. P. 44.4. *See also, S. Pac. Transp. Co. v. Stoot*, 530 S.W.2d 930, 931 (Tex. 1975) ("If the facts are not fully and accurately determined, then the wisest judge cannot distinguish between merit and demerit. If

we do not get the facts right, there is little chance for the judgment to be right."). The parties should then be allowed to re-brief the issues in light of the trial court's findings and conclusions. If the trial court still fails to file the findings, the appellate court must reverse the trial court's judgment and remand the case for a new trial. *AD Villarai, LLC v. Chan Il Pak*, 519 S.W.3d 132, 136 (Tex. 2017).

Because the Court proceeds to decide the case without first obtaining the required findings of fact and conclusions of law, I respectfully dissent to the procedural disposition of the appeal at this time. Further, because proceeding to the merits of the appellant's issues is premature until I know the bases upon which the trial court rendered its judgment, I have not yet attempted to evaluate the merits of appellant's other issues.[1]

TOM GRAY
Chief Justice

Dissenting opinion delivered and filed October 6, 2021



---

[1] I note the Court has to make its own findings to dispose of the issues in these proceedings. The Court "finds" that this was a partition suit for which there is no statute of limitation. Being joint owners of property does not trigger the statute of limitations for a partition suit unless and until there is an ouster. That is where the findings of fact and conclusions of law become essential to the appellant's ability to challenge the bases of the trial court's judgment in this case. If the trial court stopped with the same legal analysis as this Court, we are left to wonder how the courts moved from partition, past ouster and limitations, to get to their judgments. Whether an ouster/repudiation occurred and whether it occurred long enough before suit that the statute of limitations ran before suit was filed, and whether the trial court thought money was personal property, and whether the trial court thought the residual four-year or the two-year limitations period applied are just some of the findings and conclusions that, if made, would allow a more meaningful review. It might be a dollar if you count the Canadian quarter and the Netherlands nickel.